The H., E. & W. T. R'y Co. v. R. P. Snelling.

(Case No. 1347.)

1. MISTAKE.— Though a stated account will ordinarily be held conclusive between the
parties, yet when their condition has not been so altered by the settlement made,
or attempted, as to render it inequitable, the account may be reopened and cor-
rected, on account of mistake, omission, accident, fraud or undue advantage.
2. CONTRACT.— When in the performance of a contract for work its stipulations are
deviated from by mutual agreement of the contracting parties, the contract prices
govern, if applicable; but if the deviation relates to extra work not provided for in
the contract, the party performing the work may recover on a *quantum meruit.*
3. PRACTICE IN SUBMITTING SPECIAL ISSUES.— The statute (R. S., 1330–1333) does
not contemplate that in a case where many issues are involved, one single issue
may be submitted; but on the contrary, when a special verdict is taken, it should be
on all the issues necessary to a proper judgment on the whole case.
4. ASSIGNMENT OF ERRORS.— An assignment of errors as follows: "the court erred in
not granting a new trial; the evidence did not warrant a finding in excess of
$7,500," is too general to entitle the appellant to an examination in the supreme
court of complicated and contested accounts.
5. AUDITOR.— The appointment of an auditor is so entirely within the discretion of
the district court, that a refusal to make such an appointment would only be revised
on appeal, if at all, when a gross abuse of discretion is shown.

APPEAL from Harris.   Tried below before the Hon. James Mas-
terson.

The opinion sufficiently states the case.

*Hutcheson & Carrington* cited on the conclusiveness of the ac-
count stated, Horan *v.* Long, 11 Tex., 232–3; Barlow *v.* Ocean Ins.
Co., 4 Met., 270–6; Bennett *v.* Paine, 5 Watts, 261; McDaniels *v.*
Rutland, 3 Williams, 230; 1 Story's Eq., secs. 149, 151; Good *v.*
Herr, 7 Watts & Serg., 253; Moore *v.* Fitzwater, 2 Randolph, 442;
White & Tudor's Lead. Cas. in Eq., vol. 2, part 2, p. 1704.

On plaintiff's right to recover for additional cost of construction,
they cited Dubois *v.* Del. & Hud. Can. Co., 12 Wend., 334, and 15

Wend., 87; Merrill v. Ithaca & O. R. R. Co., 16 Wend., 586; Chamberlain v. Scott, 33 Vt., 80; Adams v. Woonsocket Co., 11 Met., 327; Hayward v. Leonard, 7 Pick., 180; Gonzales College v. McHugh, 21 Tex., 259; Sedgw. on Meas. Dam., pp. 263-4, 274, titles "Deviation by Consent," "Extra Work," and "Quantum Meruit;" Hollinsead v. Mactier, 13 Wend., 276.

*Baker & Botts* and *Chas. Stewart*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by R. P. Snelling against the appellant to recover a balance due on two accounts, one between appellant and Harper & Snelling, a firm of which he was a member, and which had been dissolved by the death of Harper; Snelling claiming a recovery in his individual capacity, by virtue of a transfer from the legatee and executrix of Harper. This Harper & Snelling claim was for the construction of forty miles of appellant's road, in divisions of twenty-five, and ten, and five miles. The other account was for the construction of fifteen or fifteen and a half miles more of the road by the plaintiff Snelling himself, being the ten remaining miles of the fifteen mile contract of Harper & Snelling undone at Harper's death, and five or five and a half more miles then constructed by Snelling. Plaintiff set out lengthy itemized account.

Defendant pleaded the general issue. It also pleaded that at the death of Harper a full and complete settlement was had between it and R. P. Snelling and Mrs. Harper of all these matters and accounts up to the fortieth mile of the road, embracing all the items of debit and credit up to that time, which it had fully complied with and satisfied by paying Mrs. Harper the amount due her, $10,824.40, and passing up to Snelling's credit on its books, as agreed, the balance due him then of $3,481.57, he remaining with it as a contractor, and undertaking to do the work himself from then on. It also pleaded a long itemized account of payments and offsets to plaintiff's account, claiming to have paid him in full.

The plaintiff denied that there had been such settlement as was alleged by the defendant, and alleged that if it should be found that there had been a settlement, that in the settlement various items of the account sued on had been omitted by mistake from the settlement.

There was much testimony introduced by the respective parties as to whether or not there was any settlement made after the death of Harper, and if so, as to whether matters embraced in the account sued upon were embraced in that settlement. This testimony was

conflicting. After submitting to the jury the question as to whether or not there had been such a settlement as was set up by the defendant, the court instructed the jury: "If you find, as the defendant claims, that the Harper settlement, as it is called in the testimony, was intended by the parties to be a full settlement of all matters as between Harper & Snelling on the one hand, and the railroad company on the other, up to that date, yet if you further believe from the evidence that Harper & Snelling had done other work, or furnished other material, which were not brought into that settlement, and were not discussed in it, but were forgotten or overlooked by the parties, then, to the extent of the value of such other work or material, the plaintiff is entitled to recover in this suit."

The giving of this charge is assigned as error. This charge in effect informed the jury that if, by mutual mistake of the parties, items of account sued upon in this cause were not brought into that settlement, then the same might be considered by them.

This charge is believed to have stated the rule applicable to the case correctly; for while it is true that a stated account will be held conclusive between parties where no fraud or mistake is shown, "but if there has been any mistake, or omission, or accident, or fraud, or undue advantage, by which the account stated is vitiated, and the balance is incorrectly fixed, a court of equity will not suffer it to be conclusive between the parties, but will allow it to be opened and re-examined." Story's Equity, 523.

In this case it does not appear that the condition of the parties had in any manner been so altered by any settlement made, or attempted to be made, as to render it inequitable or oppressive upon either party to consider the accounts between them, as in some cases it is found to be, where vouchers have been surrendered, or other evidence of the true state of the accounts have been rendered inaccessible.

Harper & Snelling having contracted to construct fifteen miles of the defendant's road, which had been located, surveyed and profiled, for the gross sum of $47,600, the same being from the end of the first thirty-five miles of road to the end of the fiftieth mile, and five miles of the road which they had thus contracted to construct having been completed upon the lines contemplated by the parties at the time the contract was made, prior to the death of Harper, Snelling contracted to complete the remaining ten miles in accordance with the original agreement made between the railway company and Harper and himself.

After that agreement was made by Snelling, the railway company

changed the line of its road for the ten miles remaining to be constructed, and upon this new line, at the direction of the company, Snelling constructed the road, which he alleged required a greater expenditure of labor, material and time than would have been requisite to construct the road over the line contemplated by the contracts, and for this he sought extra compensation.

There was evidence tending to show that it was more difficult and expensive to construct the road where constructed, than it would have been on the line originally contemplated, and with reference to which the contract was made. There was, however, some conflict of testimony upon this question, and the court charged the jury as follows: " As to what has been termed the 'lump' contract, you are charged that if you believe from the evidence that Harper & Snelling agreed with the defendant to construct its road from the thirty-fifth to the fiftieth mile for $47,600, on a line then established by defendant, and known to Harper & Snelling, then defendant had no right afterwards to change that line, without their consent, so as to materially increase the cost of construction above what it would have been on the old line. And if you believe that Harper & Snelling built the first five miles under that contract before Harper's death, and that Snelling then contracted to complete the lump contract for the same sum, less the cost of the first five miles, as the parties had agreed on, then the defendant had no right to change the line of location, without Snelling's consent, so as to materially increase the cost. And if you believe defendant did so change the line without Snelling's consent, and that said change cost Snelling more to construct the road than it would have cost him to construct it on the old line, then he is entitled to recover in this suit such additional cost."

The giving of this charge is assigned as error.

If the line of the road was changed after the contract was made, and Snelling was requested to construct it upon the new line, and did so, the law would imply an agreement to compensate him for such additional cost of construction as the new line imposed, in the absence of some agreement to the contrary.

But in case of such deviation from contract, by consent, which completion upon the new line by the contractor, without protest, would seem to imply, it would seem that the original contract, so far as can be, should regulate the price for the work; and that when this cannot be done in reference to the whole work, that then, as to extra work, the contractor would be entitled to recover upon a *quantum meruit.*

The rule is thus stated by Mr. Field: " In cases of deviation from the stipulations of the original contract by mutual agreement between the parties, the contract prices govern, so far as they are applicable, or so far as the work can be traced, according to the stipulations of the original contract; but if extra work is done not provided for in such contract, and to which its provisions as to prices cannot be applied, the employee may recover therefor as on a *quantum meruit.*  A deviation by consent may be treated as a new contract so far as the deviation is concerned, and a modification in that respect where the circumstances require it." Field on Damages, 343.  The same rule in effect is laid down by Mr. Sedgwick. Sedgw. on Meas. Dam., 470.

The work to be executed under the contract for a gross sum consisted of a multitude of things; in fact, of all those things necessary to be done to properly construct the road over the designated line; and although it would be very difficult, perhaps, to contrast with exact accuracy the work necessary to be done on the line, had in view when the contract was made, with that necessary to be done upon the line adopted, yet, considering the magnitude of the work to be done, it seems to us more reasonable to hold that the parties intended that the contract which they had made should regulate the rights of the parties, in so far as it could be made applicable, rather than that the parties intended the work entire, upon the new line, should be done without reference to any contract at all, and that they should be remitted to an implied contract as to the whole work.

The inquiry then arises as to whether or not the charge given, in effect, was more than a charge to the jury that as to extra work the plaintiff might recover upon a *quantum meruit.*

The charge must receive a construction such as will give a reasonable effect to the language used in it; and although it may be subject to technical criticism, yet if it was well calculated to convey to the mind of the jury the correct rule for their guidance, and not to mislead them, then, in the absence of request for other and more definite instructions, it ought to be held sufficient.

There is nothing in the pleadings or evidence which alleges or shows that the contractor did not have the work executed at as small cost as it could reasonably be done.

The additional cost of constructing the road over the new line was made by the court the measure of compensation for extra work done thereon, *i. e.,* for work done upon that line which would not have been necessary upon the line originally contemplated.

It seems to be admitted by counsel for appellant, that, if the court had limited the right of the appellee to a recovery of the *reasonable* cost of the additional work rendered necessary by the change of line, then the charge would not have been erroneous.

Although the word *reasonable* is not used in the charge, yet we are of the opinion that the jury could not have understood the court to have meant any other cost than *reasonable cost;* at any rate, the charge was correct as far as it went in this respect, and if it was thought that it needed explanation, the appellant should have requested such charge as was thought necessary to accomplish that purpose.

The appellee was entitled to recover what the reasonable value of the additional work was, and that would simply be what it would have cost the appellant, or any other person, without extravagance or want of due care and skill, to have had the work done. We recognize the difficulty of laying down the rule as to the measure of compensation in cases of this kind; but looking to the pleadings and evidence in the case, we are of the opinion that the rule given in the charge of the court, it receiving a reasonable and natural construction, is substantially right.

There being a controversy as to whether or not Harper and Snelling had furnished certain cross-ties for other parts of the road than that which they had agreed to construct for a gross sum, the estimates of the company's engineers and the evidence for the appellee conflicting in this respect, the court charged the jury: "On the question of ties you are charged that the plaintiff is entitled to recover for all the ties he put into the road, unless he has been already paid for them; and if the estimates furnished him by the defendant do not show as many ties as the testimony shows the plaintiff furnished and put into the road; or if ties were used belonging to plaintiff, and not estimated for, then plaintiff is entitled to recover for the difference whatever was their fair and reasonable value."

This charge is assigned as error; and it is claimed that it was a charge upon the weight of evidence.

We are of the opinion that a fair and reasonable construction of the charge does not render it subject to the objection urged against it.

The charge did not withdraw from the jury the estimates furnished by the defendant, but submitted that, with the other evidence in the case, to the jury, that they might determine from the whole evidence what the truth was; and the language of the charge bears

evidence that it was simply the intention of the court to instruct the jury that the estimates of the company or its agents of the number of ties was not conclusive, as by the appellant they, upon the trial, were claimed to be.

The jury could not have understood the court to mean that, if there was any testimony tending to show that a greater number of ties were furnished than were shown by the estimates, then they would find in accordance with such testimony, but must have understood the court to mean, if there was testimony in the case which, to the satisfaction of the jury, showed that more ties were furnished than were shown by the estimates, that then they would find for such number as the preponderance of the testimony showed. As before said, charges must be given a reasonable and natural construction.

The appellant asked the court to submit to the jury a special issue as to whether or not there was a settlement of accounts between the firm of Harper & Snelling and the appellant after the death of Harper. This the court declined to do, and therein we are of the opinion the court did not err; for the statute does not contemplate that, in a case in which many issues are included, one single issue may or shall be submitted; but upon the contrary, contemplates that, when a special verdict is taken, the same shall be upon all the issues necessary to the rendition of a judgment upon the whole case. R. S., 1330–1333.

If this were not so, the matter would be one for the sound discretion of the court, of which abuse would have to be shown to authorize a revision here.

It is claimed that after the settlement between Harper & Snelling and the defendant, Mrs. Harper could convey nothing to Snelling. This would be true if there had been such a settlement as was conclusive between the parties; but that was one of the issues in this case; and if there was no such settlement, and the jury must have so found, then whatever right Mrs. Harper, as the sole legatee of her husband, had, passed to Snelling by the contract with him; and the fact that they had a final settlement between themselves, in which she may have received less than she would have been entitled to upon a final and full settlement with the appellant, cannot affect the rights of the parties now before the court.

The court had sufficiently instructed the jury as to what matters they might and might not consider, if there had been a settlement between them, in which some matters had been omitted by the parties; and it was not error to refuse to give the charge asked by the

appellant in reference to one item, which may or may not have gone into that settlement, if it was made.

The ninth assignment of error is: " The court erred in not granting a new trial; the evidence did not warrant a possible finding in excess of $7,500."

This assignment is too general to entitle the party to an examination by this court of the complicated and contested accounts between the parties, which, in the language of counsel for appellant, "contained hundreds of items, and the evidence upon the disputed points was voluminous and confused, and the testimony in chief of plaintiff and his witnesses was constantly addressed to proving up the items of the Harper & Snelling account, ignoring the settlement, and even the claim of settlement, keeping before the mind of the jury the whole of that account and its items."

The items of the accounts of the respective parties alone take up more than sixty pages of the record before us. The testimony, as both parties admit, is conflicting, and under such circumstances the verdict of the jury could not probably be set aside, even if this court, upon a rigid scrutiny of the evidence bearing upon the contested questions, should think that the preponderance of the evidence was against the verdict.

It is urged that the court erred in refusing to appoint an auditor upon application of the appellant. It would seem to us that this case was one in which the appointment of an auditor would have been proper; but we are not advised by a bill of exceptions of the ground upon which the court acted in refusing to make the appointment, and if this were a matter which this court could revise, it would not do so without a proper bill of exceptions.

The appointment of an auditor is, however, within the discretion of the court trying the case; and a very gross abuse of such discretion would have to be shown to authorize this court, if it could do so at all, to revise a ruling of the court below in refusing to appoint an auditor.

There being no such error found in the record as would justify a reversal of the judgment of the court below, the same is affirmed.

AFFIRMED.

[Opinion delivered April 9, 1883.]