# FIRST DISTRICT, 1895.

### W. M. BURTON ET AL. V. GRAND RAPIDS SCHOOL FURNITURE COMPANY.

### No. 824.

**1. Unincorporated Association—Suit Against Church—Liability Where.** An unincorporated association for religious or charitable purposes has not the power to sue or to be sued, but the members and managing committees who incur the financial liability, assent to it, or subsequently ratify it, become personally liable.

**2. Same—Action Upon Note Made by Deacons.**—In a suit brought against an unincorporated church upon a note given by its deacons, it was improper to exclude evidence showing that in a former action on the note brought against them individually by plaintiff, judgment had been rendered in their favor.

APPEAL from the County Court of Fort Bend. Tried below before Hon. M. J. HICKEY.

*Oscar D. Kirkland,* for appellants.—1. The word "deacons" added to a signature at the conclusion of a promissory note is only descriptio personæ, and does not indicate the capacity in which the obligation is made. Gayle v. Ennis, 1 Texas, 184; Lipscomb v. Ward, 2 Texas, 277; Groce v. Herndon, 2 Texas, 410; De Cordova v. Atchison, 13 Texas, 372; Claiborne v. Yoeman, 15 Texas, 44; Nelson v. Bagby, 25 Texas Supp., 305; Rider v. Duval, 28 Texas, 622.

2. The trustees of a religious corporation are the only persons empowered to bind the corporate body, and in order to execute this power they must meet as a board, deliberate, and decide. The office of deacon is ecclesiastical only, and the deacon has no power to bind the association. Rev. Stats., art. 584; Lowenthall v. Wiseman, 56 Barb., 490; 20 Am. and Eng. Encyc. of Law, 793, 794.

3. The court erred in not permitting defendants to read, in support of their plea of res judicata, the judgment in cause number 1962 on the civil docket of the justice of the peace who tried this cause, which was a final judgment against plaintiff on the same cause of action, in favor of the two defendants who as deacons signed the note here sued on. Girardin v. Dean, 49 Texas, 243; Lee v. Kingsbury, 13 Texas, 68; Humason v. Lobe, 76 Texas, 512; Thompson v. Lester, 75 Texas, 520; Nichols v. Dibrell, 61 Texas, 539; Henderson v. Terry, 62 Texas, 281; Lucas v. Heidenheimer, 3 Texas Civ. App., 360; Murphy v. Wallace, 3 Texas Civ. App., 432.

*Pearesons & Ballowe,* for appellee.—1. The court committed no error in instructing the jury to find for the plaintiff, there being no issue

controverted by any evidence introduced by the defendants; and the plaintiff's cause of action is fully sustained by the evidence. Rev. Stats., art. 1245, sec. 8; Tunstall v. Wormley, 54 Texas, 476; Cathton v. Roberts, 1 Posey's U. C., 587; Plupps v. Jones, 59 Am. Dec., 712.

2. A party is concluded in the right only in which a party sues, and there is a fatal variance between the allegations of defendants' plea of res adjudicata and the proof. Casey v. Wilson, 3 Texas Civ. App., 141; Thompson v. Craig, 24 Texas, 582; Caruth v. Grigsby, 57 Texas, 266; Downing v. Diaz, 80 Texas, 455; Phillipowski v. Spencer, 63 Texas, 607; Freem. on Judg., secs. 156, 252; Black on Judg., secs. 504, 508, 536; 12 Am. and Eng. Encyc. of Law, 90.

GARRETT, CHIEF JUSTICE.—This was an action by the Grand Rapids School Furniture Company for debt, against W. M. Burton and George Scott, as deacons of Mount Carmon church, and Jo Roberts, Henry Searcy, Calvin Bibly, Jim Brown, and George Simmons, trustees of said church. Plaintiff alleged, that said church was a religious association situated and existing in Fort Bend County, and was composed of many members, among whom were the defendants; that on March 19, 1889, the defendants W. M. Burton and George Scott were the duly acting and qualified deacons of said church; and that on the date of the institution of the suit below, July 4, 1882, the remaining defendants were the trustees of said church. That on March 19, 1889, the defendants Burton and Scott, in their capacity as deacons of said church, executed and delivered to plaintiff the note sued on, whereby the defendants, in their capacity as deacons and members of said Mount Carmon church, undertook and promised to pay, and were justly indebted and bound to pay plaintiff, the sum mentioned in the note, with interest, etc. Plaintiff prayed for citation to the defendants in their said capacity, and for judgment against them "in their said capacities and as members of said Mount Carmon church, and for execution against said Mount Carmon church."

The evidence showed, that the defendants were deacons, trustees, and members, as alleged, of a religious organization in Fort Bend County by the name of Mount Carmon church, which existed on March 19, 1889; and that Burton and Scott were deacons; and acting for the members, purchased of plaintiff, for the use of the church, a lot of furniture, for which they executed the note sued on, writing after their signatures, " Deacons Mount Carmon Church;" and that said furniture was in use by the church when this suit was brought.

Plaintiff had judgment in accordance with the prayer contained in the petition.

This was an evident attempt to sue the church as an organization, which, as it was an unincorporated association, could not be done. Tunstall v. Wormley, 54 Texas, 476; Devoss v. Gray, 22 Ohio St., 168; Wilkins v. The Wardens, 52 Ga., 352; Ash v. Guie, 97 Pa. St., 498. An unincorporated association is no person, and has not the power to

sue or to be sued. When such an association has been organized and is conducted for profit it will be treated as a partnership, and its members will be held liable as partners. Ash v. Guie, supra. But in the case of religious and eleemosynary associations, the members and managing committee who incur the liability, assent to it, or subsequently ratify it, become personally liable. Ash v. Guie, supra; Lewis v. Tilton, 19 N. W. Rep., 911; Sheehy v. Blake, 39 N. W. Rep., 479; Add. on Con., sec. 142.

Tested by these principles of law, the petition discloses no cause of action against any one except Burton and Scott, the deacons who signed the note, and that not as deacons but as individuals. Evidence tending to show that these defendants had formerly recovered judgment against the plaintiff in a suit on the note against them individually was improperly excluded.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 4, 1895.