G. R. SCOTT, BOONE & POPE v. WILLIS et al. (No. 5831.)

(Court of Civil Appeals of Texas. San Antonio. April 11, 1917.)

1. LIMITATION OF ACTIONS ⬳127(13) — IMPLIED CONTRACT—AMENDED PLEADING.

Where the petition in an action on express contract for an attorney's fee was amended more than two years after the cause of action had accrued to set up in the alternative an implied contract to pay the fee, the cause of action on the implied contract, or a quantum meruit, was barred by limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 545; Pleading, Cent. Dig. § 688.]

2. ATTORNEY AND CLIENT ⬳165—RECOVERY OF COMPENSATION—CONTRACTS—VARIANCE.

The evidence which will support an express contract to pay an attorney's fee will not sustain recovery on a quantum meruit.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 365–367.]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by G. R. Scott, Boone & Pope against Byron Willis and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Claude Lawrence and Gowan Jones, both of Corpus Christi, for appellant. E. P. Scott and Kleberg, Stayton & Picton, all of Corpus Christi, for appellees.

FLY, C. J. This is a suit for $250 instituted by appellant against Byron Willis and the Sidbury Lumber Company. The original petition is not in the record, but it is alleged in the first amended petition that it was filed on September 1, 1914. The first amended petition was filed on October 7, 1914, and in that petition a cause of action was alleged on an express contract on the part of Byron Willis to pay appellants the sum of $250 as an attorney's fee for the prosecution of a certain suit; said fee to become due and payable "upon the final termination or settlement of such litigation." It was alleged that the cause was terminated and settled on May 4, 1914. On November 5, 1914, appellants filed a first supplemental petition asking that the Sidbury Lumber Company be made a party. On July 27, 1916, more than two years after the cause of action had accrued, appellants filed a second amended petition, and, in addition to declaring on an express contract as against the Sidbury Lumber Company and

Byron Willis, appellants set up in the alternative an implied contract to pay the attorney's fee. That part of the pleading as to the implied contract was excepted to as being barred by the statute of limitations of two years, and the exception was sustained. The cause was tried by jury, resulting in a verdict and judgment in favor of appellees on the allegation of an express contract.

[1] There is really but one point presented on this appeal, and that is in regard to the action of the court in holding that the suit on an implied contract, or a quantum meruit, was barred by limitation of two years. This has been fully settled adversely to appellants by the Supreme Court and this court. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Booth v. Houston Packing Co., 105 S. W. 46.

[2] This is not a case of an imperfect presentation of a cause of action, as contended by appellants, but is a case of two separate and distinct causes of action, as is clearly discernible from an application of the rules laid down by this court in Booth v. Packing Co., and by the Supreme Court in Lumber Co. v. Water Co., herein cited. The evidence which would support an express contract to pay a fee would not sustain a recovery on a quantum meruit, for they are essentially different. As said by the Supreme Court in the case last cited:

"Evidence of an express contract would not be admissible under the allegations of, and if admitted would not establish, an implied contract; neither would the evidence from which the contract would be implied be admissible under the allegations of the original petition, nor would that evidence, if admitted, establish the existence of such a contract."

There is no merit in the fourth and fifth assignments of error, and they are overruled.

The judgment is affirmed.