W. H. REASONER v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

No. 2514.  Decided May 22, 1918.

**1.—Contract—Settlement Obtained by Fraud—Pleading.**

A contract, pleaded in defense to an action for personal injuries, releasing plaintiff's claim to damages sued for, is held sufficiently met by allegations that it was obtained by false representations made by defendant's agents, its claim agent and surgeon, that plaintiff was not seriously injured and would be well in two months, relying on which he made the settlement.  (Pp. 205, 206.)

**2.—Pleading—Inconsistent Allegations—General and Special Exceptions.**

A locomotive fireman, suing for personal injuries and to set aside for fraud a release obtained from him on the assurance that they were only slight and temporary, also sought damages for breach of a contract for continued employment and for a service certificate enabling him to secure employment. Though this breach was actionable only in case he was not disqualified physically for service, pleading it was not so inconsistent with his claim to recover for the personal injuries, where these were expressly alleged to be permanent and incurable, as to subject the allegations asserting such claim for injuries to a general demurrer.  Special demurrer to the claim for breach of contract was properly sustained, but not a general demurrer.  (Pp. 206, 207.)

**3.—Same.**

It could not be held (on special demurrer) that the claim for breach of contract was bad, because the disability was distinctly alleged to be permanent; and, at the same time (on general demurrer), that by implication it nullified such allegations of disability.  (P. 206.)

**4.—Demurrers—General and Special—Amendment.**

It is not necessary, in order to entitle appellant to complain of the error in improperly sustaining a general demurrer to his petition, that he amend same to meet special exceptions thereto which had been properly sustained. Bigham Bros. v. Port Arthur C. & D. Co., 100 Texas, 202, and other cases, followed.  (P. 207.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Johnson County.

Reasoner sued the railway company and appealed from a judgment for defendant on the sustaining of general and special demurrers to his petition, which he did not thereupon amend.  The judgment was affirmed by the appellate court, and appellant then procured writ of error.

*Odell & Johnson* and *S. C. Padelford*, for plaintiff in error.—Defendant's general demurrer was improperly sustained.  Brincefield v. Allen, 25 Texas Civ. App., 258, 60 S. W., 1010; Williams v. Warnell, 28 Texas, 610; Edgar v. Galveston City Co., 46 Texas, 421; Ball v. Texarkana Water Corp., 127 S. W., 1068; Missouri, K. & T. Ry. Co. v. Gilbert, 130 S. W., 1037; Missouri, K. & T. Ry. Co. v. Reno, 146 S. W., 207; Illinois Cent. Ry. Co. v. Keebler, 84 S. W., 1167; 41 Am. & Eng. Ry. Cases (N. S.), 32; Owens v. Norwood-White Coal Co., 133 N. W., 716.

Where a general demurrer to plaintiff's petition was sustained, his failure to amend, so as to meet the rulings of the trial court, sustain-

ing special demurrers will not deprive him of his right to have a reversal of the judgment. The rulings on general demurrer make such amendments useless. Ohio Cultivator Co. v. People's National Bank, 22 Texas Civ. App., 643, 55 S. W., 765; Porter v. Burkett, 65 Texas, 383; De Everett v. Henry, 67 Texas, 402; Bigham Bros. v. Port Arthur C. & D. Co., 100 Texas, 192.

*Terry, Caven & Mills, Brown & Lockett,* and *Lee & Lomax,* for defendant in error.—Where special exceptions going to the omission of important allegations are sustained and there is no request for leave to amend, it is not error to sustain a general demurrer and dismiss the cause. Stringer v. Robertson, 140 S. W., 502; O'Neal v. Wills Point Bank, 64 Texas, 644; Texas Land & Loan Co. v. Winter, 93 Texas, 560; Caruthers v. Slaughter, 2 S. W., 526.

There is nothing in the allegations of the petition to show that the service letter complained of by plaintiff was published or circulated otherwise or further than by delivery to him. Therefore either under the so-called "black listing" statute above referred to, or under the common law, there is no liability to the plaintiff. St. Louis S. W. Ry. Co. v. Hixon, 137 S. W., 343.

The allegations of the fourth amended petition are so vague, general, uncertain, indefinite and so contradictory as to practically violate all rules of good pleading. The court's action in sustaining general demurrer to the petition was correct.

Where averments of petition are repugnant; so inconsistent one with the other that both can not be true, they destroy each other and the force of both sets of allegations is entirely nullified. Rowe v. Horton, 65 Texas, 89; Hillebrant v. Booth, 7 Texas, 501; Barry v. Screwmen's Association, 67 Texas, 254; Boyd v. Beville, 91 Texas, 439.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The single question on this writ of error is whether a general demurrer was properly sustained to the amended original petition, whereby plaintiff in error sought to recover damages of defendant in error.

The petition contained allegations which were sufficient to show that plaintiff in error had been damaged in the sum of $7500 from personal injuries sustained by him, while in the employment of defendant in error, as the proximate result of its negligence. It is contended for defendant in error that, admitting these allegations to be true, no recovery could be had: first, because the petition, having admitted the execution by plaintiff in error of a release of his claim for damages, averred no facts sufficient to avoid the release; and, second, because allegations of the petition, seeking to show causes of action for damages arising from breach of a contract to continue plaintiff in error in the employment of the railway company and to furnish him a satisfactory service certificate, destroyed, through inconsistency and repugnancy, all the allegations of permanent injury to plaintiff in error,

without which he did not show any cause of action.   The Court of Civil Appeals sustained the latter contention.

It was averred in the petition that the release was procured by defendant in error by means of representations of its claim agent and surgeon that plaintiff in error was not seriously injured and would be well in two months, and that the representations were made by such claim agent and surgeon as agents of defendant in error, duly authorized to secure the release; and it was also averred that the representations were made for the purpose of inducing plaintiff in error to execute the release, and that plaintiff in error believed the representations and was thereby induced to sign and deliver the release, when in fact plaintiff in error was then suffering from permanent injuries to brain and spine, besides other injuries, from which he would continue to suffer all his life.   These averments were sufficient, as against the general demurrer, to avoid the release.   Houston & T. C. R. Co. v. Brown, 69 S. W., 652; Houston & T. C. R. Co. v. Bright, 156 S. W., 310.

In our opinion the petition does not present the inconsistencies and repugnancies which were held fatal to any right of recovery thereon. It is true that, in addition to suing for damages claimed for injuries alleged to be permanent and incurable and arising from the negligence of the railway company, the plaintiff also set up a contract with the company for his continued employment as a locomotive fireman and for a certain kind of service certificate, and sought to recover damages for breach of such contract.   No matter how necessary it may have been for plaintiff in error to have alleged his ability to perform the work of a fireman or to have done some other kind of railroad work, in order to have stated any cause of action for damages for breach of contract, it can not be held that his petition contained such allegations in the face of its express averments to the contrary.   The presence of such express averments of permanent injuries negatives the causes of action, attempted to be stated for damages for refusal to continue to employ plaintiff in error or to give him a service certificate on which to seek other railroad employment.   The defendant in error properly availed itself of these express allegations when it had the trial court to sustain a special exception to all that portion of the petition setting up plaintiff in error's wrongful discharge and his inability to secure employment with any railway company by reason of the character of his service certificate "because it appears from the averments of the petition, if there is any truth whatsoever in the matters alleged, that ever since his claimed injury plaintiff has been wholly disabled physically and incapable of performing any labor and was a physical wreck, and therefore unable to discharge the duties of any employment."   In the face of contradictory facts, plainly stated, the law neither implied allegations into the petition to strengthen it against the special exceptions nor to weaken it against the general demurrer.   The allegations of the petition were, therefore, in no true sense inconsistent or repugnant.

It is insisted that though the general demurrer, standing alone, ought

to have been overruled, yet the judgment sustaining it should be affirmed, because no complaint is made by plaintiff in error of the action of the trial court in sustaining eleven special exceptions to his petition.

The question here presented is not an open one in this State, this court having declared in Bigham Bros. v. Port Arthur Channel & Dock Co., 100 Texas, 202, 13 L. R. A. (N. S.), 656, 97 S. W., 689: "Counsel for defendant in error insists that, although the court may have erred in sustaining the general demurrer, yet the judgment should not be reversed for that reason because some of the special exceptions were properly sustained and the plaintiffs did not amend their petition. The correct rule of practice is thus stated by Chief Justice Willie in the case of Everett v. Henry, 67 Texas, 405: 'We think the petition showed a good cause of action against Henry, and that his general demurrer should not have been sustained. This renders it unimportant whether the special exceptions of the same defendant should have been sustained or overruled. If they were well taken, it would not have served any good purpose to amend the petition to meet the objections raised; for the court, having held the petition bad on general demurrer, would necessarily have dismissed it though every special demurrer had been met and its force destroyed by a proper amendment.' That learned chief justice stated the same proposition even more tersely and forcibly in these words in Porter v. Burkett, 65 Texas, 383: 'What does it avail a plaintiff to fortify his petition against a special exception, when the court, in effect, holds that if he does so it is still bad on general demurrer? There can be no use in amending a petition in one particular when, after amendment, it shows upon its face no cause of action.' "

In following the case of Bigham Bros. v. Port Arthur Channel & Dock Co., it is said in Brown v. Davis, 178 S. W., 845: "In his brief, appellant presents as error only the action of the court in sustaining the general demurrer. The fact that he does not complain of the judgment sustaining the special exceptions is no reason for refusing to reverse the judgment, if upon the whole a good cause of action is shown, even though there may be defects in the form of stating it."

To eliminate the merely defective allegations, in passing on a general demurrer, would be, in effect, for the court to ignore, as to such allegations, its undoubted duty to consider them as though properly plead. The allegations of the petition in this case, given every reasonable intendment in their favor, stated a cause of action in behalf of plaintiff in error, and that is decisive of his right to have the general demurrer overruled. Warren v. Bailey, 7 Texas, 519; Erie Telegraph Co. v. Grimes, 82 Texas, 94, 17 S. W., 831; Blum v. Kusenberger, 158 S. W., 780.

The judgments of the District Court and the Court of Civil Appeals are reversed, and the cause is remanded to the District Court.