## MOOD v. METHODIST EPISCOPAL CHURCH SOUTH et al. *
### (No. 225.)

(Court of Civil Appeals of Texas. Eastland.
Oct. 22, 1926. Rehearing Denied
Dec. 23, 1926.)

1. **Limitation of actions ⇐124—Cause of action for building contractor's services held barred as to defendants brought in by amended petition over four years after accrual.**

Cause of action for services in supervising construction of church building *held* barred as to defendants first brought into suit by amended petition filed more than four years after cause of action accrued.

2. **Pleading ⇐21—Petition alleging mutual rescission and praying recovery of reasonable value of services barred cause of action on contract.**

Amended petition, alleging mutual rescission of contract to build a church building and praying recovery of reasonable value of contractor's services, presented claim for quantum meruit only, and cause of action on contract inserted in subsequent petitions was barred.

3. **Contracts ⇐272—Changes by mutual consent in interior arrangement, position of windows, etc., held not to rescind building contract.**

Changes by mutual consent in plans of church building, not affecting general design, but relating principally to interior arrangement, position of windows, materials for cornices, bases of columns, etc., *held* not to amount to rescission of contract.

4. **Contracts ⇐232(7)—Contractor held entitled to reasonable value of services in making changes not necessitated by substantial defects in plans.**

Building contractor *held* entitled to recover reasonable value of services in making changes and alterations required by building committee and architect, not necessitated by defects in plans affecting safety and permanency of structure.

5. **Election of remedies ⇐3(1)—Church building contractor's suit for reasonable value of services in changing position of pulpit held to bar recovery on express contract.**

Church building contractor's suit for reasonable value of services in changing position of pulpit *held* to bar recovery of amount claimed on express contract.

6. **Mechanics' liens ⇐38—Contractor claiming allowance for services in selecting material and supervising work, paid for by owner, cannot claim mechanic's lien.**

Where owner pays all material and labor bills, and contractor claims allowance for services in selecting material and supervising work, his claim for mechanic's lien is not allowable under Constitution.

7. **Religious societies ⇐7—Members of unincorporated church associations who incur or assent to creation of debt are personally liable, though association is suable (Rev. St. 1925, art. 6137; Rev. St. 1911, arts. 6149–6154).**

Under Rev. St. 1925, art. 6137, members of unincorporated church associations who incurred debt or assented to its creation are personally liable therefor, though association may be sued under Rev. St. 1911, arts. 6149–6154.

8. **Religious societies ⇐29—Pastor not signing church building contract held not liable thereon, in absence of showing that he assumed its burdens for valuable consideration.**

Pastor who was assigned to church during construction of building under contract not signed by him and was not a member of congregation *held* not liable on contract, in absence of showing that he assumed its burdens for valuable consideration.

#### On Motion for Rehearing.

9. **Contracts ⇐232(2) — Building contractor held entitled to recover for extra work in conforming to changes made by architect to remedy defects in plans.**

Church building contractor *held* entitled to recover for extra work, directed by building committee to conform to changes in plans, made by architect during construction to remedy defects in original specifications.

10. **Contracts ⇐256—Acts must be positive, unequivocal, and inconsistent with existence of contract to constitute "abandonment."**

To constitute "abandonment" of contract by conduct, action relied on must be positive, unequivocal, and inconsistent with existence of contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon—Abandonment.]

---

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Elmer Mood against the Methodist Episcopal Church South and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Hawkins, Hawkins & David, of Breckenridge, for appellant.

Butts & Wright, of Cisco, and Thos. E. Hayden, Jr., of Abilene, for appellees.

PANNILL, C. J. The appellant, plaintiff below, sought to recover for services rendered in supervising the construction of a church building for appellees.

The trial was had upon appellant's sixth amended original petition in which recovery was prayed for on a quantum meruit for services performed after alleged mutual abandonment of a contract between the parties stipulating for specific compensation, and, in the alternative, for compensation under the contract. Special exceptions were sustained to that part of the petition seeking a recovery under the contract on the theory that such allegations set up a new cause of action and were inserted in an amended petition more than four years after performance of the service sued for. A trial before a jury was had upon the issue of quantum meruit, and upon an instructed verdict judgment was rendered against appellant.

Before proceeding with a discussion of the questions determinative of the appeal it is, perhaps, in order to dispose of those parties in whose favor the trial court's ruling was undoubtedly correct.

H. C. Rominger was originally a party defendant; his name was omitted from the fourth amended original petition and all subsequent amendments.

[1] Appellees Webb, Bowman, Godbey, Elkins, Southern, Bailey, Witten, and Bedford were brought into the suit for the first time by the fifth amended original petition, filed March 26, 1925, more than four years after appellant's cause of action accrued, and the court rightfully sustained their exceptions that the cause of action was barred as to the appellees last above named.

[2] As between appellant and the remaining appellees the following statement is submitted as being sufficient to illustrate the rulings under complaint and the conclusions reached thereon: Appellant, Mood, and one Page, contractors, entered into a contract with appellees Garner and Fisk, building committee of the M. E. Church South of Cisco, whereby the contractors agreed to provide all material and labor and to build a church building at a cost not to exceed $47,-100. Upon completion of the building the contractors were to receive the amounts expended by them plus 10 per cent.; the build-

ing to be erected according to certain plans and specifications which were attached to the agreement. The contractors guaranteed that the cost of the building should not exceed the sum named; that no alterations be made in the work except upon the written order of the architect employed by the owners. The owners agreed to pay all labor and material bills as they accrued, when approved by the architect. This contract was made with the approval of the church trustees. Two contracts were signed, the first June 27, 1919, and the second about two weeks later. The building was completed at a cost of $67,093.-64. During the progress of the work, appellees paid all bills for labor and material. Appellant (claiming an assignment of the interest of Page) in his original petition predicated his right to recover solely on a quantum meruit, based on allegations of mutual rescission and abandonment of the contract. In his third amended original petition filed within the bar of the statute of limitations, appellant pleaded the contract and attached a copy of the same as an exhibit to his petition, averred that the contractors had proceeded with the work thereunder until about the 15th day of August when the contract was mutually rescinded and abandoned, different plans for the building substituted, and the latter thereafter completed under the subsequent direction of appellees and their architect; that said building was not erected in all things in accordance with the original plans and specifications; that certain changes were made by appellees and were accepted and ratified by the architect, and in consequence the cost of the structure was enhanced and therefore exceeded the contract price; that but for said changes the cost of the building would not have exceeded the contract price; that the contractors fulfilled and carried out all the orders of appellees and their architect; that by virtue of said contract and the facts alleged appellees had become liable to the contractors for the full amount of 10 per cent. of the cost of the building and in the alternative for the reasonable value of the services of the contractors. These allegations were repeated in all subsequent amendments and were elaborated in great detail in the amended pleading on which the trial was had. In that pleading the causes of action were separated and relief asked, first, for quantum meruit after mutual rescission of the contract, and, in the alternative, the contract was pleaded and recovery sought thereon.

As stated, exceptions were sustained to that part of the petition seeking a recovery on the contract, and this ruling must be sustained under the authority of Reasoner v. G. C. & S. F. Ry. Co., 109 Tex. 204, 203 S. W. 592, where a judgment was sought for damages for personal injuries, and, in the alternative, for breach of contract to furnish em-

ployment, and the ruling was that the trial court correctly sustained the defendants' exception to that part of the petition seeking relief for failure to furnish employment, because it appeared from the allegations of the petition that ever since the injury plaintiff had been wholly disabled physically and incapable of performing any labor. In the third amended petition, the allegations that the contract had been mutually rescinded were carried throughout the entire pleading, and nowhere was there any claim of performance of the agreement, and not until the statement of the amount due appellant was there any claim, other than that the contract had been annulled by both parties; therefore the third amended original petition presented a claim for quantum meruit only, and the cause of action inserted in subsequent petitions seeking recovery on the contract was barred.

[3] Appellant relied on the trial on evidence of abandonment by conduct; no evidence of any agreement to rescind was tendered. The substance of the evidence relied on is as follows: That after the first contract was signed and before execution of the new one, a different kind of brick to be used was substituted for that called for in the original specifications. That a change in the position of the pulpit and choir stand was made after the second contract was signed. That this change made necessary the rearrangement of the whole auditorium. That a number of defects in the original plans were discovered, and these and the changes in the auditorium required the preparation of new blue prints, which were delivered to the contractors. The change in the auditorium also required changes in the entrance and in the windows. The defects in the plans were in the height of the basement walls and in the roof and in the position of the windows. The changes noted may not detail all the changes alleged and proved, but are illustrative. The changes in the plans did not affect the general design, but related to the arrangement principally of the interior—the position of the windows; different materials for supporting the roof; for the cornices; for the bases of the columns; for height and approaches to basement. These changes appear to be mere deviations in the plans and not to substitute an entirely different building from the one originally contracted for. It is not denied that all deviations were made with the consent of the contractors. There was an agreement in writing between appellees and the contractors for extra payment of $800 for the changes in the auditorium, and, while there is a dispute as to the time the agreement was made, whether before the plans were changed or afterwards, this is believed to be immaterial. The conclusion here reached is that deviations in the performance of a contract made by mutual consent will not alone

amount to a rescission. Houston E. & W. T. Ry. Co. v. Snelling, 59 Tex. 116; Housley v. Strawn Merchandise Co. (Tex. Civ. App.) 253 S. W. 673.

The last-cited case is the only one dealing directly with the question of rescission or abandonment of a building contract by virtue of mutual changes in the plans, and is strikingly similar to the case at bar. It was there held that such changes would not support a finding in favor of such abandonment. A writ of error was granted, but on another point. Nor can appellant claim relief from the obligations of his agreement because the plans were defective, and because of such defects changes were required. Appellees did not warrant the correctness of the plans. Appellant by his contract impliedly warranted that he could erect the building according to the plans. Lonergan et al. v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S. W. 1061, 106 S. W. 876, 130 Am. St. Rep. 803; Da Moth & Rose v. Hillsboro Independent School District (Tex. Civ. App.) 186 S. W. 437.

[4] While appellant cannot recover for the whole services either under the contract or on the theory that the contract was rescinded for the reasons stated, it appears that under the rule announced in Houston E. & W. T. Ry. Co. v. Snelling, 59 Tex. 116, he was, under the pleading and testimony offered, entitled to recover for the reasonable value of the services performed in making the changes and alterations required by appellees and their architect, and not made necessary by the defects in the plans. The defects in the plans here considered are those relating to the safety and permanency of the structure and not those involving only its convenience, beauty, or attractive appearance.

[5] The learned trial court's ruling to the effect that no recovery could be had for the item of $800 for changing the position of the pulpit is believed to be correct. Prior to the last pleading this item had been sued for on the basis of its reasonable value; therefore its recovery as a matter resting on an express contract was barred. Phœnix Lumber Co., v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Railway v. Ryan (Tex. Civ. App.) 170 S. W. 858; Scott, Boone & Pope v. Willis (Tex. Civ. App.) 194 S. W. 220; Thames v. Clesi (Tex. Civ. App.) 208 S. W. 195; Kuhn v. Shaw (Tex. Civ. App.) 223 S. W. 343.

[6] Appellant's further proposition that for whatever sum is due him he is entitled to a foreclosure of a mechanic's lien on the church is involved in no small degree of perplexity. Our Constitution grants mechanics and materialmen a lien on all buildings made or repaired by them for all materials or labor furnished, and it cannot be doubted that if appellant had furnished the material and labor he would be entitled to a lien for the contract price. But where, as here, the owner

pays all material and labor bills and the contractor is claiming a 10 per cent. allowance for his services in selecting the material and supervising the work, his claim for a mechanic's lien is not allowable under the Constitution. F. W. & D. C. Ry. Co. v. Read Bros. (Tex. Civ. App.) 140 S. W. 111; Van Horn Trading Co. v. Day (Tex. Civ. App.) 148 S. W. 1129.

[7] Appellees' cross-assignment asserting that neither the trustees nor members of the building committee are liable individually must be overruled. Members of such associations as the one here considered who incur the debt or assent to its creation are personally liable therefor. Burton v. Grand Rapids Furniture Co., 10 Tex. Civ. App. 270, 31 S. W. 91; M. E. Church South v. Clifton, 34 Tex. Civ. App. 248, 78 S. W. 732; Summerhill v. Wilkes, 63 Tex. Civ. App. 456, 133 S. W. 493; 20 R. C. L. p. 670.

By statute it is now provided that members of such unincorporated associations as are suable under Rev. St. 1911, arts. 6149–6154, are also liable to be proceeded against individually when personally served. Revised Statutes 1925, art. 6137. The observation last noted is made in response to appellees' suggestion that the rule announced in the case last cited above rested on the fact that an unincorporated association could not then be sued, and that since by statute such associations may now be sued, the rule had failed. It is not necessary to determine whether our statutes referred to apply to associations of the character as the one at bar.

[8] The remaining question presented is as to the liability of appellee Stuckey based on his statement that he was ex officio a member of the building committee and advised with it. Appellee Stuckey was not pastor of the church in question at the time the contract under consideration was made, but was assigned to it while the building was under construction. Under the evidence he (Stuckey) was not a member of the local congregation he served. He did not sign the contract; his liability could not be predicated on membership in the local congregation, which was not shown. He was not a party to the contract and could not be liable as an obligor thereon, unless it was shown that after its execution he, for a valuable consideration, assumed its burdens. No such thing is suggested by the record. The court did not err in instructing a verdict for the appellee last above named.

What has been said, we believe, disposes of all the points presented by the various assignments; having determined that appellant's right of recovery is governed by Railway v. Snelling, supra, the question as to the authority of the architect becomes immaterial.

In view of another trial it is suggested that appellant be awarded a recovery for the reasonable value of services performed in supervising the extra work required and not made necessary by defects in the plans as previously stated, except those involving the change in the position of the pulpit and the rearrangement of the interior required by reason of the change.

Reversed and remanded.

## On Motion for Rehearing.

[9] Further consideration has produced the conclusion that appellant is not precluded from a recovery on his claim for extras, directed by appellees to conform to changes in the plans made during the construction of the building, which changes were made by appellees' architect to remedy supposed defects in the original specifications. The rule that the contractors impliedly warranted that they could build the house according to the plans does not govern this situation.

Where, during the progress of the work, the architect employed by the owner decides that the plans are defective and changes the plans and the owner directs the builder to conform to the changed plans, the owner is liable for the extra work thus occasioned. This on the theory that, the owner having changed the plans, he is responsible for the increased cost. 9 C. J. § 180, p. 840, section 181, p. 841.

[10] The decision that the testimony did not raise the issue of mutual abandonment by conduct is adhered to. Additional authorities supporting this view are Garver v. Daubenspeck, 22 Ind. 238; Cooke v. Murphy, 70 Ill. 96; Hills v. McMunn, 232 Ill. 488, 83 N. E. 963; Boyden v. Hill, 198 Mass. 477, 85 N. E. 413; Ross v. Tabor, 53 Cal. App. 605, 200 P. 971.

To constitute abandonment of contract by conduct, the acts relied on must be positive, unequivocal, and inconsistent with the existence of the contract. The one under investigation provided for changes; the deviations relied on were agreed to. At the time no statement was made by the contractors indicating an intention not to be further bound by the original contract, or any claim that by reason of the altered plans the contract was abandoned and that they would claim compensation for the reasonable value of their services.

If there was abandonment as alleged the parties knew it, when it occurred, and would have then raised the question. To sustain the contention under discussion would be a patent violation of the rule. The motions for rehearing are overruled.

The cause is remanded for trial upon the issue of appellant's claim for quantum meruit of his services in making the changes and alterations pleaded, except that due to the change in the pulpit.