### MOOD v. METHODIST EPISCOPAL CHURCH SOUTH, OF CISCO, et al. (No. 963–4789.)

Commission of Appeals of Texas, Section A. June 22, 1927.

**1. Pleading ⬅20—Alternative pleading is permitted.**

Alternative pleading is freely permitted.

**2. Pleading ⬅8(1), 34(1)—In considering effect of pleading, averments of legal conclusions are of less importance than allegations of fact, and particular words must be given meaning indicated by context.**

In ascribing to pleading its proper effect, averments of legal conclusions are of less importance than allegations of fact, and particular words are to be given meaning appropriately indicated by context.

**3. Contracts ⬅232(4)—Where building contract required changes to be directed in writing, parties could subsequently waive that requirement, or make substitution.**

Where building contract required changes to be directed in writing by architect, parties could subsequently waive that requirement in whole or part or make substitution.

**4. Contracts ⬅333(6)—Allegations of contractor's petition for compensation presented cause of action on original building contract as modified in parts.**

Allegations of contractor's petition for compensation for construction of building held to present cause of action on original contract and specifications as specifications were modified or novated in parts.

**5. Work and Labor ⬅22—Contractor's petition held to present claim for recovery on original building contract as for work done prior to so-called abandonment, and on quantum meruit for balance.**

Allegations of contractor's petition for compensation for constructing building held to have effect of presenting as one alternative claim for recovery on original building contract as for work done prior to so-called abandonment, and for recovery as on quantum meruit for balance.

**6. Work and Labor ⬅22—Contractor's petition for compensation for constructing building held to allege as alternative complete abrogation of original contract under conditions remitting him to quantum meruit claims.**

Allegations of contractor's petition for compensation for construction of building held to allege as one alternative complete abrogation of original building contract under conditions which remitted plaintiff to quantum meruit claims.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by Elmer Mood against the Methodist Episcopal Church South of Cisco, and others. Judgment for defendants was reversed and remanded by the Court of Civil Appeals (289 S. W. 461), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed in part, and reversed and remanded, with directions in part.

Hawkins, Hawkins & David, of Breckenridge, for plaintiff in error Mood.

Thos. E. Hayden, Jr., of Abilene, for defendant in error L. N. Stuckey.

Butts & Wright and J. D. Barker, all of Cisco, for other defendants in error.

NICKELS, J. Against the contractor's claim for compensation earned in the construction of a church building at Cisco, used in religious worship, the pastor, presiding elder, trustees, members of the building committee, and members of the church (an unincorporated organization) interposed the bar of the statutes of limitation. Rulings upon that defense, presented by exceptions, give rise to the main question brought to the Supreme Court. In the form brought up, the question relates to subject-matter of the third amended petition as compared with the sixth amended petition. For present purposes, a sufficient statement of the latter petition is contained in the opinion of the honorable Court of Civil Appeals (289 S. W. 461), but a somewhat detailed statement of the relevant parts of the former petition is required.

In paragraph 3 of the petition it is said that the defendants entered into a "written contract" with Page and Mood as "contractors" for "the construction and erection of a church building * * * according to cer-

tain plans, drawings, and specifications prepared by T. J. Galbraith, an architect," and whereby the defendants "agreed to pay to these plaintiffs * * * certain amounts or sums of money, all as is hereinafter more fully set forth." It is stated, also, that a copy of the contract is attached and made a part of the petition.

In paragraph 4 it is averred that pursuant to the written contract plaintiffs "duly and seasonably entered upon and diligently proceeded with the performance of their duties, * * * and with the construction and erection of said building, all in full and faithful compliance with all of the terms and provisions of said plans, * * * and continued in so doing down to on or about the 15th day of August, 1919, at which time said written contract was annulled and abrogated by defendants, * * * all as is more fully hereinafter set forth, * * * and that, after said annulment and abrogation, * * * plaintiffs duly and seasonably and diligently proceeded with and performed, finished, and completed the work of furnishing requisite and proper materials in the premises, and of properly constructing and erecting said building, * * * and shortly thereafter said building was accepted by said ecclesiastical organization and by its trustees and its said building committee and by" defendants Garner, Stuckey, and Fisk (composing the building committee), "and ever since then said building has been occupied and used by them and each of them * * * although plaintiffs have not been fully paid for it or for their time and services so expended by them in the construction and erection of said building."

In paragraph 5 it is alleged that:

"* * * Said building was not constructed and erected in all respects in accordance with said plans and specifications, and that, as a consequence, and by reason of certain changes and alterations in said plans, specifications, and materials, all of which were duly ordered and directed and made by said building committee, and by its members, and by said defendants Garner, Fish, and Stuckey, personally and individually, and were accepted and approved and ratified by them and by said architect, the total cost of said building amounted to and was greatly in excess of said original contract price, and amounted to and was $67,093.64."

In paragraph 5 it is alleged also that:

"By the terms of said written contract * * * it was stipulated and agreed by and between said parties hereto, and by defendants Garner, Fisk, and Stuckey, individually, jointly, and severally, in substance, that the amount to be paid thereunder to said contractors (plaintiffs herein) should be equal to the cost of said building, plus 10 per cent. of the amount of such cost, not exceeding in the aggregate Forty-Seven Thousand One Hundred Dollars" payable as follows: "(a) The full amount of all materials and labor bills as soon as same became due and when cer-

tified by the Architect. (b) The final payment (or residue) to be made within ten days after completion of the work included in said written contract."

In paragraph 6 it is said that the excess in cost "above the maximum stipulated in said written contract * * * resulted from * * * numerous changes and additions in said plans and specifications and in the materials used, but that all of said changes and additions were ordered by said building committee and by defendants Garner, Fisk and Stuckey, and by said architect, * * * and that, but for such directions and requirements" (i. e., of changes), "said building would have been constructed and erected by said contractors in full and explicit compliance with the terms and provisions of said written contract and in all respects according to * * * said original plans, drawings, and specifications, and all at a total cost to said contractors of not more than forty-two thousand dollars, exclusive of plaintiffs' said 10 per centum commissions thereon."

Paragraph 7 is made up of averments that "* * * all of the work aforesaid which was done in the course of the construction and erection of said building, after said annulment and abrogation of said written contract, was done, and all material therefor which was furnished by plaintiffs after said annulment and abrogation of said written contract was furnished, under and pursuant to and by virtue of and in reliance upon certain verbal agreements between plaintiffs and said building committee and said defendants Garner, Fisk and Stuckey, and in reliance upon certain oral orders and instructions which were given to plaintiffs" by them, "and that all of the aforesaid work done by plaintiffs, * * * whether done prior or subsequent to said annulment and abrogation of said written contract, was approved, accepted, and ratified by said architect and by said building committee and by said defendants Garner, Fisk, and Stuckey, * * * and that all materials so furnished at any time by plaintiffs likewise were accepted, ratified, and approved by said architect and by said building committee and by said defendants Garner, Fisk, and Stuckey."

In paragraph 8 it is charged that great delay and great increase in labor costs were produced "because of the above-mentioned changes and alterations," etc.

In paragraphs 9 and 10 it is charged:

"(a) Shortly after plaintiffs "began active building operations under said written contract, and on or about said 15th day of August, 1919, the defendants "repudiated and abandoned and annulled and abrogated said written contract with plaintiffs, and declined and refused to permit them to proceed with the construction and erection of said building in accordance with the terms and provisions of said written contract,

and then and there instructed plaintiffs to refrain from erecting said building according to said written contract. * * *" (b) "Whereupon plaintiffs stopped the furnishing of materials and the work of constructing * * * said building under and pursuant to * * * said original contract and said original plans and specifications." (c) "But thereafter defendants and each of them, and such architect, furnished and supplied /to plaintiffs and directed plaintiffs to follow and observe certain other and essentially different plans, blueprints and details, and directed plaintiffs to construct said building according to them." (d) Plaintiffs then diligently and faithfully proceeded with the construction of the building to completion in accordance with the new plans, etc., under the supervision and with the approval of the architect and defendants. (e) The additional cost, at least in large part, was caused by substitution of plans, etc., many details as to changes being set out."

In another paragraph numbered 10 it is averred that, "by virtue of the facts and allegations set forth and shown in this petition," the defendants became estopped to deny that they "abrogated and annulled said written contract," and to deny that they are "indebted * * * in the manner and form alleged and to the extent alleged," and that they are "indebted to plaintiffs and especially to plaintiff, Mood, for services rendered" by them.

Paragraph 11 is made up of a restatement of the claimed measures of compensation earned in these words:

"That is as and when measured by the terms and provisions of said written contract and the facts involved, as alleged in this petition, the full amount of compensation of said contractors (plaintiffs herein) in the premises was and is 10 per centum of said total cost of said building, to wit, $6,709.36.

"That, by virtue of said written contract, and by virtue of the facts set forth and shown in this petition, said Church, and its said trustees, and its said building committee, and said defendants Garner, Fisk, and Stuckey, individually, jointly, and severally, legally and morally obligated and bound themselves and became liable and promised to pay to plaintiffs, at Cisco, Tex., upon the completion of said building (which occurred on or about December 1, 1920), a sum of money equal to 10 per centum of the total cost of said building, not including compensation of plaintiffs in the premises, which costs was $67,093.64, such 10 per centum thereof being $6,709.36;

"That, if plaintiffs are not entitled to recover under said written contract, then plaintiffs aver, alternatively, that, by reason and because of and through the facts set forth and shown in this petition, said Church and its said trustees and its said building committee, and said defendants Garner, Fisk, and Stuckey, individually, jointly, and severally, and legally and morally obligated and bound themselves, and became liable and promised to pay to plaintiffs, at Cisco, Tex., on, to wit, December 1, 1920, the reasonable value and the market value, when, where, and as furnished by plaintiffs, as afore-

said, of their time and services and skill and risk and trouble in the premises, to wit, $6,709.-36, and just, fair, and reasonable pay and compensation to plaintiffs, in the premises, the same amounting to, and being not less than, the sum of $6,709.36, and upon this plea of quantum meruit in the full sum of $6,709.36, besides interest as provided and allowed by law.

"Plaintiffs further aver that said building committee and said defendants Garner, Fisk, and Stuckey paid for all materials used in the construction of said building, but that nothing else whatsoever has been paid to plaintiffs, or to either of them, under said written contract, or in the premises, and that for their compensation, and for their work, services, time, skill, trouble, and risk in the premises, plaintiffs have received nothing whatsoever from any source, save and except proceeds of dirt from basement, $264, and $79 for steel, and $40 for toolshed, totalling $383."

The prayer is for recovery of the "full amount of plaintiff's aforesaid claim and debt, in the sum of $6,709.36," interest, costs, and general relief.

### Opinion.

[1] In our system alternative pleading is freely permitted. A familiar example is the contemporaneous averment of an express contract and the facts of a quantum meruit with recovery "as the evidence might show." Fant v. Andrews (Tex. Civ. App.) 46 S. W. 909. The case of Reasoner v. G., C. & S. F. Ry. Co., 109 Tex. 204, 203 S. W. 592, had to do with an alternative so defectively and repugnantly stated as that impossibility of recovery thereon was apparent, and its inapplicability as an authority here seems plain.

[2] In ascribing to a pleading its proper effect, the averments of legal conclusions are of much less importance than the allegations of fact. G., C. & S. F. Ry. Co. v. Levy, 59 Tex. 542, 547, 548, 46 Am. Rep. 269. And, of course, particular words are to be given the meaning appropriately indicated by context.

[3] Examination of paragraphs 3 to 6, inclusive, will disclose lack of averment of mutual abandonment or rescission of the original contract in toto or in the absolute sense. While it is charged that the contract "was annulled and abrogated," this was done, it is said, "by defendants." And in immediate connection it is alleged that plaintiffs "duly and seasonably and diligently proceeded with and performed, finished, and completed" the work, and the building as thus completed was accepted and put to use by defendants. That averment is closely followed with a qualifying one to the effect that the building "was not constructed in all respects in accordance with the original plans and specifications," or within the original cost limit, because of changes directed, approved, and accepted by defendants, but for which changes the building would have been completed in all respects in compliance with

the original specifications and terms of the original contract. The original contract, pleaded in full through attachment of copy, contains provisions for changes, and, while its terms require the changes to be directed "in writing" by the architect, the parties were at liberty subsequently to waive that requirement in whole or part or to make a substitution. Groce v. P. B. Yates Mach. Co. (Tex. Com. App.) 288 S. W. 161, 162; 9 Cyc. 593; 35 Cyc. 124. If the facts there pleaded be true, defendants merely attempted "annulment and abrogation," and did not succeed, for the reason plaintiffs did not accept or agree to a rescission. Assuming the truth of these fact allegations, there was consensual deviations from the original plans, as in reality forecasted in the contract itself, with the result, in our opinion, that the "original contract, so far as can be, should regulate the price for the work." H. E. & W. T. Ry. Co. v. Snelling, 59 Tex. 116, 119. Upon the hypothesis stated there is no difficulty in applying the contract rate of compensation, for in relevant stipulations "cost plus 10 per centum" for materials and labor furnished in work according to the original plans is provided, and for work and materials not covered thereby, but directed by the "owners," there were to be separate agreements.

The allegations just considered are followed by claim for compensation in the sum of $6,709.36, "as and when measured by the terms and provisions of said written contract and the facts involved as alleged in this petition," that sum being "10 per centum of said total cost of said building."

[4] It is our view that in the allegations mentioned there is presentation of a cause of action upon the original contract and specifications as the specifications were modified or novated in parts.

[5] Paragraph 7 of the petition, considered with relevant parts of paragraph 11 and the prayers, has the effect, we think, of presenting, as one alternative, a claim for recovery upon the original contract as for the work done prior to the so-called abandonment and for a recovery as upon a quantum meruit for the balance.

[6] The remainder of the petition, as a third alternative, proceeds upon the theory that there was a complete abrogation of the original contract under conditions which remitted plaintiffs to quantum meruit claims. And it results that the claims finally and alternatively asserted in the sixth amendment are not by the petitions shown to be barred.

The views expressed as to the nature of the pleadings and the statement of evidence contained in the opinion of the Court of Civil Appeals develop error in the peremptory instruction in favor of the original defendants. No question was brought to the Supreme Court touching action upon the exceptions of defendants Webb, Bowman, Godby, Elkins, Southern, Bedford, Bailey, and Witten.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals in respect to defendants in error Webb, Bowman, Godby, Elkins, Southern, Bedford, Bailey, and Witten, and affirmance of the judgment of reversal and remand as to the other defendants in error, with directions for trial in accordance with this opinion. In view of the elimination here of certain restrictive directions given by the Court of Civil Appeals, we recommend taxing of costs against the defendants in error other than Webb, Bowman, Godby, Elkins, Southern, Bedford, Bailey, and Witten.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, and cause remanded to the district court for a new trial in accordance with the opinion of the Commission of Appeals, as recommended by the Commission.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.