JULIA A. MAYHER V. MANHATTAN LIFE INSURANCE COMPANY.

No. 184.

**1. Life Insurance—Interest in Life—Heirs of Assured.**

Heirs of the person whose life is insured can recover the money on the policy in preference to a person named in the certificate of insurance having no insurable interest in the life of the assured................ 172

**2. Insurable Interest—Case in Judgment.**

It is against public policy for one man to become interested in the continuance of the life of another. In this case the deceased was anxious to have his life insured in behalf of a little girl of no kin to him; her father, at the solicitation of the insured and the agent of the insurance company. paid the first premium and agreed to pay the succeeding premiums. The insurance was effected and she named as the beneficiary. *Held,* that the person named in the certificate had no insurable interest, and that the heirs of the assured could recover ...................... 172

Error to Court of Civil Appeals for Fifth District, in an appeal from Bowie County.

*W. T. Hudgins* and *Todd & Hudgins*, for plaintiff in error.—1. The policy sued on was valid and binding against the insurance company. Ins. Co. v. Williams, 79 Texas, 633; Ins. Co. v. Hazlewood, 75 Texas, 338; Ins. Co. v. Baum, 29 Ill., 240; Campbell v. Ins. Co., 98 Mass., 389; Fairchild v. Ins. Co., 51 Vt., 625; Forbes v. Ins. Co., 15 Gray, 225; Ins. Co. v. Schaeffer, 94 U. S., 457; Ins. Co. v. France, 94 U. S., 561.

2. Under the facts found by the Court of Civil Appeals and the particular policy sued on, Julia Mayher, the beneficiary mentioned in the policy, and not the intervenors (the supposed heirs at law, but in no wise dependent upon deceased, nor he upon them), is entitled to recover. Ins. Co. v. Ireland, 17 S. W. Rep., 617; Evans v. Opperman, 76 Texas, 293; Hill v. Ins. Assn., 154 Pa. St., 29; Ins. Co. v. Montgomery, 70 Mich., 587; Order Foresters v. Callahan, 22 Am. and Eng. Corp. Cases, 677; St. John v. Ins. Co., 13 N. Y., 31; Rawles v. Ins. Co., 36 Barb., 362; Valton v. Loan Fund Co., 20 N. Y., 32; May on Ins., sec. 390; Bliss on Ins., secs. 317–337; Cook on Life Ins., sec. 374, p. 123, note 2.

*W. P. McLean* and *H. C. Hynson*, for intervenors, heirs of assured.— The Supreme Court of the United States and of this State both sustain the validity of the contract of insurance in which the insured names a person as beneficiary without insurable interest in his life, but both courts, in effect, agree that such person can not hold as his own, against the heirs of the insured, the proceeds of the policy.

Upon the question of the necessity of an insurable interest in the life of the insured, to enable a person claiming under the policy to hold the proceeds: Ins. Co. v. Hazzard, 41 Ind., 116; Helmetag v. Miller, 76 Ala., 183; Ins. Co. v. Ins. Co., 81 Ala., 329; Basye v. Adams, 81 Ky., 368; Gilbert v. Moose Admrs., 104 Pa. St., 74; Ruth v. Katterman, 112 Pa. St., 251; Hoffman v. Hoke, 122 Pa. St., 377; Ins. Co. v. Sturges, 18 Kans., 93; Ins. Co. McCrum, 36 Kans., 146; Ins. Co. v. Sefton, 53 Ind., 380; Burton v. Ins. Co., 119 Ind., 207; 103 Ind., 286; Amick v. Butler, 111 Ind., 578; State v. Winner, 17 Kans., 298; Ins. Co. v. O'Brien, 92 Mich., 584; 76 Mich., 151; 46 Mich., 447.

Counsel also cited and discussed Crotty v. Ins. Co., 144 U. S., 621; Schonfield v. Turner, 75 Texas, 324; Price v. Knights of Honor, 68 Texas, 361; Wornock v. Davis, 104 U. S., 775; Cammack v. Lewis, 15 Wall., 643; Levy v. Gilliard, 76 Texas, 400; Goldbaum v. Blum, 79 Texas, 638; Ins. Co. v. Hazlewood, 75 Texas, 338; Ins. Co. v. Williams, 79 Texas, 633; Ins. Co. v. Baum, 29 Ind., 236.

*J. M. Talbot, P. A. Turner,* and *Scott & Jones,* for insurance company.

1. The policy sued on was a speculation on Edward Williams' life, a wagering contract, against public policy and void, because Julia Mayher, the beneficiary named therein, had no insurable interest in the life of said Williams; and said contract derived no validity or binding force on appellee by reason of the fact that appellee issued said policy with full knowledge that no such insurable interest existed. Price v. Knights of Honor, 68 Texas, 361; Schonfield v. Turner, 75 Texas, 324; Cammack v. Lewis, 15 Wall., 643; Swick v. Ins. Co., 2 Dill., 161; Ins. Co. v. France, 94 U. S., 561.

2. A man can not effect a valid contract of insurance on his own life for the benefit of a stranger, or one who has no pecuniary interest in the continuance of such life, and not so related by consanguinity or affinity as to divest the contract of all semblance of a wagering transaction. Price v. Knights of Honor, 68 Texas, 361; Schaefer v. Ins. Co., 94 U. S., 460; Ins. Co. v. France, 94 U. S., 561; Warnock v. Davis, 104 U. S., 775; Loomis v. Ins. Co., 6 Gray, 399; Lord v. Dall, 12 Mass., 115; Stevens, Admr., v. Warren, 101 Mass., 564; Singleton v. Ins. Co., 66 Mo., 63; Gilbert v. Moose, 104 Pa., 64; Ins. Co. v. Sturges, 18 Kans., 93; Ins. Co. v. Sefton, 53 Ind., 380.

3. The mere relationship of parent and child does not give an adult child an insurable interest in the life of the parent, unless such child has a well founded or reasonable expectation of some pecuniary advantage to be derived from the continuance of the life of the parent. Ins. Co. v. Hogan, 80 Ill., 355; Lewis v. Ins. Co., 23 Conn., 244; May on Ins., secs. 104, 105; Ins. Co. v. Volger, 89 Ind., 57.

BROWN, ASSOCIATE JUSTICE.—The Manhattan Life Insurance Company issued a policy on the life of Edward Williams, payable to Julia Mayher, for $5000. Williams died, and Julia Mayher sued the insurance company upon the policy, which pleaded that she had no insurable interest in the life of Williams, and that the policy was void. Rebecca Williams and Tyler Williams, children of Edward Williams, intervened, claiming the proceeds of the policy, alleging that Julia Mayher had no insurable interest in the life of said Williams. The District Court held that the policy was void, and gave judgment for the insurance company. Upon appeal the Court of Civil Appeals reversed the judgment of the District Court, and entered judgment against the insurance company in favor of intervenors. Julia Mayher brings the case to this court on writ of error.

The Court of Civil Appeals filed the following conclusions of fact: " On October 24, 1889, appellee, the insurance company, issued its policy on the life of Edward Williams for $5000, payable to Julia Mayher, a child ten years old. She was in no way related to Williams, nor did she

have any reasonable expectation of pecuniary benefit or advantage from a continuation of his life. He was very fond of her, and often expressed a desire to do something for her. Williams made the contract with defendant's agent for the insurance, but being unable to make the necessary arrangement for the payment of the premium, $333, John W. Mayher, the father of the said Julia Mayher, after being urged by the said Williams and the insurance agent, was induced to pay the premium. There was no fraud or deceit practiced by Williams or Mayher, and appellee's agent had full knowledge of all matters connected with the procuring of said policy. Julia Mayher had no insurable interest in the life of said Williams. Williams died February 20, 1890. Rebecca Williams and Tyler Williams, intervenors, are the children and only heirs of said Williams, both of whom are adults, and not supported by or dependent upon said Williams for support; nor did they contribute anything to his support."

The Court of Civil Appeals failed to make a finding upon what we believe to be the most material question in this case; that is, who was to pay the annual premiums after the first payment? Looking to the record in the case, we find that John Mayer himself testified, "I was to pay all the premiums on this policy as they fell due."

Under this state of facts this case comes strictly within the decisions of the cases of Price v. Knights of Honor, 68 Texas, 361, and Schonfield v. Turner, 75 Texas, 324, in each of which the transactions were substantially the same as in this case. In those cases this court held, that the heirs of the person on whose life the insurance was taken out could recover the money in preference to the person named in the certificate of insurance. The decisions are well supported by reason and authority.

It is against public policy for one man to become interested in the death of another, when he has no interest in the continuance of life. In this case it is true that John Mayher would not have received any direct pecuniary benefit from the death of Williams, but he would thereby be relieved from the annual burden of paying $333, which would amount to the sum of $6660 in the twenty years, the time for which the policy might run if Williams should live that long. His interest in the daughter, which prompted Mayher to assume such a burden, is not to be disregarded in this connection.

Practically John Mayher insured the life of Williams with his consent, for the benefit of Julia. It was placing too much interest against the continuance of life, when there was no counterbalancing interest in its preservation, to be tolerated by the law.

The record does not present to this court, as it appeared upon application for writ of error, a case in which a man insures his own life for the benefit of another, the person whose life is insured paying the premiums, thereby making an investment of his own money for a friend selected by himself, and we therefore are not called upon to decide that question.

The distinction attempted to be drawn between this policy and that of one running for life is not sound. The burden of paying annual premiums was assumed for twenty years time, and the whole sum named could be realized upon death at any time, under certain conditions; at any rate a large sum would be realized to the daughter upon the occurrence of the death of Williams.

There is no error in the judgment of the Court of Civil Appeals, and it is affirmed and ordered to be certified to the District Court.

*Affirmed.*

Delivered June 21, 1894.