## REALTY TRUST CO. v. FIRST BAPTIST CHURCH OF HASKELL.
### No. 949.

Court of Civil Appeals of Texas. Eastland.
Feb. 19, 1932.

Goggans & Ritchie and Mart W. Reeves, all of Dallas, for appellant.

H. R. Jones, of Haskell, for appellee.

HICKMAN, C. J.

Appellant, as assignee of Tibbetts Construction Company, instituted this suit upon a certificate of special assessment issued by the city of Haskell for the appellee's pro rata part of the cost of improving a portion of a street in Haskell upon which its property abutted. The defendants named were the First Baptist Church, Haskell, Tex., and certain individuals composing the Board of Deacons and governing body of the church. The relief sought was a money judgment against each of the named defendants, and the foreclosure of the assessment lien against the property described. By an order entered of record appellant dismissed as to the individuals named as defendants "as individually." We interpret this order to mean that appellant abandoned its cause of action for a personal judgment against these individuals. It clearly had no cause of action against them, and the order was entered, doubtless, to evidence that a final judgment disposing of all parties had been rendered in the case. Trial was had before the court without a jury, and judgment was entered establishing the indebtedness and foreclosing the lien, but denying any personal judgment against the appellee First Baptist Church. An order of sale was directed to issue. Appellant was dissatisfied with the judgment, in so far as same denied it a personal recovery against the church, and has perfected an appeal. Appellee gave notice of appeal, but did not perfect same. Its brief contains cross-assignments of error.

In fixing the lien upon the property in controversy, the city of Haskell proceeded under chapter 106, Acts of 1927 (1st Called Sess.), shown as article 1105b, Vernon's Annotated Texas Civil Statutes. The provisions of that act were fully complied with, and it necessarily follows that a lien was thereby fixed upon appellee's property, if the act itself is a valid one. It is stated in appellee's brief that the act is unconstitutional, but there is no cross-assignment of error presenting any question of its constitutionality for our decision. We therefore do not determine the validity of this legislation, but, assuming it to be valid, a lien was fixed upon appellee's property.

Appellant's prayer in this court that we render a personal judgment against the appellee cannot be granted. The lower court properly denied this relief. The appellee is an unincorporated association organized for religious purposes only. It is well settled by the decisions in our state that no personal judgment can be rendered against an unincorporated church, as such. It is not a legal entity. Tunstall v. Wormley, 54 Tex. 476; Burton v. Grand Rapids School Furniture Co., 10 Tex. Civ. App. 270, 31 S. W. 91; Methodist'Episcopal Church South v. Clifton, 34 Tex. Civ. App. 248, 78 S. W. 732, 735; Home Benefit Ass'n v. Wester (Tex. Civ. App.) 146 S. W. 1022; Brown v. Weir (Tex. Civ. App.) 293 S. W. 916.

It does not follow, however, that the judgment of foreclosure, as rendered, is invalid. As is pointed out in the case of Methodist Episcopal Church South v. Clifton, supra, an action may be maintained against an unincorporated association in certain classes of cases. The third class therein named embraces "cases in which the plaintiffs have shown themselves entitled in equity to subject the general property or some particular property of such association, to their claims, by virtue of an equitable lien or some species of trust." Appellant's petition sought to subject a particular piece of property to a lien. Such a proceeding is equitable. It was held in Society of Shakers v. Watson (C. C. A.) 68 F. 730, that a suit upon a note executed by an unincorporated religious society was, in effect, an equitable proceeding to subject the property of the society to the payment of the note. This proceeding therefore falls within the third class of cases pointed out in the case of Methodist Episcopal Church South v. Clifton, supra, and the trial court had the jurisdiction and power to render judgment establishing the debt and foreclosing the lien, notwithstanding its lack of power to render a personal judgment against the church as such.

Article 6133, R. S. 1925, confers upon an unincorporated joint-stock company or association doing business in this state the right to sue or be sued in its company or distinguishing name. If the appellee is a joint-stock company or association doing business in this state, the article would be applicable and appellant's claim for a personal judgment should be upheld. But it is our opinion that the article has no application to an unincorporated religious society. It is not a joint-stock company or association doing business in this state.

While the foregoing does not mention separately the several assignments and counter assignments found in the briefs, it does dispose of the controlling contentions therein made. It is our opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.