## AMERICAN INS. CO. v. EDWARDS.

### No. 8026.

Court of Civil Appeals of Texas. Austin.

Jan. 14, 1935.

Rehearing Denied Feb. 13, 1935.

T. M. West, F. B. Buchanan, and Nat L. Hardy, all of San Antonio, for appellant.

Will G. Barber, of San Marcos, for appellee.

McCLENDON, Chief Justice.

Appeal from a judgment for plaintiff. (Edwards) upon a fire insurance policy covering a Negro Methodist Church.

The only question which presents any substantial merit is the contention of appellant that Edwards had no insurable interest in the property which would support a recovery in his behalf. The material facts, substantially stated, follow:

The property was conveyed in 1875 to "A. M. E. Church." The record does not contain the deed; and its provisions, except that it conveyed the property in question, are not otherwise stated in the record. We therefore assume that it was a conveyance generally, without limitation as to use or otherwise. The church was unincorporated. Whether the deed originally was sufficient to pass title is unimportant, as the church had been actually occupied and used for over half a century. Edwards' interest in the property is that of a purchaser at sheriff's sale under an execution upon a judgment of the county court; the suit resulting in this judgment was brought in the justice court by the former pastor of the church, upon a $50 bank check (payment upon which had been stopped) given in payment of his salary as pastor. The suit was brought against "African Methodist Episcopal Church of San Marcos, Texas." The citation was served upon the then pastor of the church. Judgment was for the defendant. Plaintiff appealed (by certiorari) to the county court, where judgment by default for $34.50 was rendered against "A. M. E. Church," after waiver of citation by the attorney representing the defendant. The latter moved to set aside this judgment, and the motion was overruled. Thereafter suit was brought in the district court in the name of "African Methodist Church of San Marcos, Texas," acting through its "duly constituted and appointed agent, the pastor of said church," to enjoin the execution of the judgment. A temporary injunction was granted on this application, but on final hearing judgment was rendered denying any relief. While the pleadings do not describe the property sought to be levied upon, it is stated that the sheriff was threatening to levy upon the property of said church which was of the value of more than $1,000. There was no appeal from this judgment. Subsequently execution issued on the county court judgment; the church property was levied upon, sold, and bought in by Edwards, who thereafter applied to the agent of appellant for two policies of fire insurance, which were issued, one upon the church (the policy in suit), and the other upon the parsonage. The agent of appellant inspected the property, found the church authorities in possession, and was advised that the latter contended that Edwards had no title, and that what title he claimed arose from purchase under the sheriff's sale. The policy provisions respecting ownership were therefore, under well-established rules in this state, waived in so far as the company could waive them.

Appellant contends that the sheriff's deed was absolutely void, and conferred no right or title whatever upon Edwards, and that he therefore had no insurable interest in the property. The contentions of Edwards are that:

First, the sheriff's deed was not absolutely void, but if invalid was only voidable; that it passed the legal title, and its invalidity could only be asserted by the church in a direct proceeding for that purpose;

Second, the appellant, having full knowledge of the facts, was estopped from asserting that Edwards had no insurable interest in the property; and

Third, regardless of Edwards' lack of insurable interest, the policy was valid in so far as appellant was concerned, and Edwards was entitled to recover for the use of the real owner of the property.

■ Appellant's contention that the sheriff's deed was void is predicated upon holdings to the effect that an unincorporated religious society is not an entity in law, cannot sue or be sued in its association name, and cannot be held in judgment generally for a personal debt. Burton v. Furniture Co., 10 Tex. Civ. App. 270, 31 S. W. 91; Methodist Episcopal Church S. v. Clifton, 34 Tex. Civ. App. 248, 76 S. W. 732; Summerhill v. Wilkes, 63 Tex. Civ. App. 456, 133 S. W. 492; Home Ben. Ass'n v. Wester (Tex. Civ. App.) 146 S. W. 1022; Brown v. Weir (Tex. Civ. App.) 293 S. W. 196; Realty Trust Co. v. F. B. Church (Tex. Civ. App.) 46 S.W.(2d) 1009, 1010.

As a general principle the cited authorities support the contention. It is to be observed, however, that in each of these cases the question decided arose upon a direct attack by appeal from the judgment. It should further be observed that both the Clifton and the Realty Co. Cases recognize the power of courts of equity to subject funds or property of a religious society to the payment of obligations which are a proper charge against such funds or property; and that the Realty Co. Case, while denying the right to a personal judgment, upheld a judgment against the unincorporated religious society foreclosing a paving lien upon the church property. In reaching this conclusion it cited with approval (in addition to the Clifton Case) Society of Shakers v. Watson (C. C. A.) 68 F.

730, to the effect "that a suit upon a note executed by an unincorporated religious society was, in effect, an equitable proceeding to subject the property of the society to the payment of the note."

Appellee contends that the effect of the entire litigation—that in the justice and county courts, and that in the district court—was that of an equitable proceeding to subject the church property to the payment of a debt equitably chargeable against it, namely, that of the pastor's salary, an obligation for services contracted on behalf of the organization, and of which the organization accepted and received the full benefit; that the sheriff's deed was therefore, at most, only voidable, and could only be set aside in a direct proceeding for that purpose, in which, as a prerequisite to recovery, reimbursement must be made of the amount paid for the property. The record shows that in the proceedings, both in the justice and county courts, the trustees or stewards of the church, who were the legal custodians of its property and its representatives in temporal affairs, were cognizant of and participated in the proceedings by the pastor and an attorney duly authorized to represent the organization. The injunction suit was brought under like representation and authority. And appellee contends that the stewards were real, if not nominal, parties to the actions, and the judgments rendered were therefore binding upon the organization. Cited cases from other jurisdictions seem to support this view. Smith v. Furniture Co., 8 Ga. App. 84, 68 S. E. 620; Bushong v. Taylor, 82 Mo. 669; Davis v. Bradford, 58 N. H. 476; Presbyterian Congregation v. Colt, 2 Grant, Cas. (Pa.) 75; 23 R. C. L. 448.

As supporting in principle the binding effect of the judgment upon the organization's property, the following cases and text are cited: Cleveland v. Heidenheimer (Tex. Civ. App.) 44 S. W. 551, affirmed 92 Tex. 108, 46 S. W. 30; Hartford I. Co. v. King, 31 Tex. Civ. App. 636, 73 S. W. 71; City of Palestine v. Houston (Tex. Civ. App.) 262 S. W. 215; Plumb v. Crane, 123 U. S. 560, 8 S. Ct. 216, 31 L. Ed. 268; 15 R. C. L. pp. 1009, 1010, § 483.

■■ There is much force in appellee's contentions; but we find it unnecessary to decide the legal questions presented, since a mere statement of them shows, we think, an insurable interest in appellant under what we regard a proper application of well-recognized general legal principles. We do not understand the rule to be that where the insurable interest relied upon is title in the beneficia-

ry, such title must be perfect and indefeasible against all the world. Such holding seems to be quite generally denied, although in the application of the rule there is quite a divergence of view in the authorities in other jurisdictions. One notable example is in the case of an innocent purchaser of a stolen automobile. See Barnett v. Assurance Corp., 138 Wash. 673, 245 P. 3, 46 A. L. R. 526, note at page 535, and previous annotations there cited. The specific question presented in the instant case may be thus stated: Has one, who has purchased in good faith, a title which he believes to be good, the validity of which depends upon the proper determination of intricate questions of law, upon which able lawyers might differ, an interest in the property which he can protect by insurance? We think this question should be answered in the affirmative; and where the policy has been written with knowledge of the condition of the title, the insurer will not be permitted to invoke the processes of the court to determine the ultimate validity of the title in order to escape a liability which it has voluntarily assumed.

■ We are not here concerned with the policy provision declaring it void unless the insured were the sole and unconditional owner of the property. That provision has been waived by the knowledge of appellant's agent who wrote the policy. Fireman's Fund Ins. Co. v. Wilson (Tex. Civ. App.) 284 S. W. 920, strongly relied upon by appellant, is therefore not in point. There was no question of insurable interest there, as the insured had a valid mortgage on the property which he had attempted to foreclose.

■ We think it can hardly be questioned that the claim of appellee to the property, regardless of its ultimate validity in a contest between appellee and the church, was of sufficient substance to constitute a consideration in support of a valid compromise or settlement of the controversy between him and the church organization. As such, we think it was of sufficient substance to support an insurable interest in the property.

■ We do not think there is merit in appellee's second contention that appellant is estopped to contest appellee's insurable interest. If in fact appellee had no insurable interest in the property, there could be no estoppel in a controversy between him and appellant.

■ Appellee's third contention presents an interesting question. But we find it unnecessary to decide it, in view of our above hold-

ing. If the policy had been written at the instance or with the consent of the church organization, then clearly appellant could not defeat it for lack of insurable interest in the named beneficiary; but the latter could recover in the capacity of trustee for the use of the real owner. Allison v. Ins. Co., 87 Tex. 593, 30 S. W. 547, applying to property (fire) insurance the same rule applied in this state to life insurance in the cases of Pacific Mut. Life Ins. Co. v. Williams, 79 Tex. 637, 15 S. W. 478; Mayher v. Ins. Co., 87 Tex. 169, 27 S. W. 124; Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Wilke v. Finn (Tex. Com. App.) 39 S.W.(2d) 836. Whether public policy, which invalidates the insurance as to the named beneficiary having no insurable interest, on the ground that it affords an incentive to arson and thereby jeopardizes the interests of the true owner, would, in turn, authorize the true owner to recover against the insurer who with full knowledge had participated in creating such jeopardy, we do not decide. Such rule would certainly serve as a deterrent to insurers to participate in a wrong which public policy holds sufficient to defeat' the insured's contract. This is substantially the situation here; since appellee and the church have adjusted their differences, and appellee has acquired all the rights of the church.

The trial court's judgment is affirmed.

Affirmed.