## McCALL et al. v. CAPERS.

### No. 3529.

Court of Civil Appeals of Texas. El Paso.

April 15, 1937.

Rehearing Denied May 13, 1937.

Lea & Edwards, of El Paso, for appellants.

Harris Walthall and J. E. Quaid, both of El Paso, for appellee.

WALTHALL, Justice.

A. C. Capers, a minister of the Baptist denomination, alleging that, at the time of the matters complained of here, he was the called and elected pastor of the Second Baptist Church of El Paso, Tex. (colored), brought this suit against defendants Marshall McCall, John Prothro, and W. O. Bundy, as trustees of said church, and S. M. Collins, as secretary of said church, and alleged the said Second Baptist Church was an unincorporated association; that said trustees and secretary transacted the business affairs of said church;

they were made defendants herein and sued in their said official capacities.

Plaintiff alleged, in substance, that the said Second Baptist Church, acting by and through said trustees, entered into a contract with him, by the terms of which, and at the monthly salary stated, plaintiff was to be the pastor and minister in charge of said church, to do the usual preaching and perform the usual pastoral duties incident to his duties as pastor and minister in charge; that he accepted the position for which he had contracted by said trustees, and entered upon the service and duties under said contractual agreement, and served in such capacity until the time stated, at which time his service as pastor and minister defendants wrongfully dispensed with, and refused plaintiff permission to carry out his contract; "that plaintiff has at all times been efficient and capable, and has at all times carried out his contract with the defendants, and has at all times acted in good faith with them." Without stating in detail the facts pleaded and in the evidence, plaintiff alleged that at the time of his discharge the said Second Baptist Church was indebted to him for his services in the sum of $340, for which he sues.

The court overruled the defendants' general demurrers and special exceptions, heard the evidence and submitted the case to a jury on special issues, all of which the jury found in plaintiff's favor. On the plaintiff's pleadings and the verdict as found, the court entered judgment discharging the church secretary; entered judgment against the said trustees of the church for $300 and interest; ordered that "no personal judgment be entered against the above named defendants except in their capacity as trustees of the Second Baptist Church, for which plaintiff is entitled to his execution; to all of which defendants excepted in open court and gave notice of appeal."

The court overruled defendants' motion for a new trial.

The trustees, as such, "and not personally," gave the appeal bond.

### Opinion.

The Second Baptist Church was not made a party to the suit. The suit was brought by A. C. Capers against the three defendants named, "being trustees of the church." The petition does not state the

**324**

duties of the trustees, nor does the petition in any way state that the church by any action of the church authorized the trustees as such, or in any way, to employ Capers as the pastor of the church. The petition very indefinitely alleges, "that the contract entered into between himself as pastor of said church and the said Second Baptist Church was entered into," at the time stated and for the salary stated, and that "he accepted the offer made by the defendants." It seems from the evidence that plaintiff entered upon his duties as pastor of the church and discussed with the church membership assembled the matter of his employment, and that the membership as a body accepted his services as pastor, and that he served the church as pastor for several months before his discharge. While the evidence shows that the trustees of the church took an active part in plaintiff's discharge, in doing so, they acted as members of the membership of the church in church meeting, and in the church meeting the membership, though irregular and in a boisterous manner, took a vote as to plaintiff's discharge, and discharged him as pastor of the church, and declared the pastorate vacant.

We have stated the above with the view of determining the issues presented in the case. The suit is against the trustees as such, and the judgment was so entered. The trustees did not contract for themselves but for the church. Conceding that they were authorized by the church membership to do so, the contract of employment when accepted by the church, became an executed contract, that is, an expressed acceptance to the church by Capers as pastor and an expressed acceptance or sanction by the church of Capers as pastor and his entry upon his service as pastor, and his service in the employed capacity for several months. When that is done, the service of the trustees is at an end. The pleading and the evidence show, we think, that the trustees were acting simply and solely as a committee of the church to contact Capers, with a view of his employment, and ascertain whether he was available, the terms at which he could be employed, etc., and report their action to the church body. Neither the pleading nor the evidence shows that the trustees could or did, in any way, involve the church property. The church was not sued, and being an unincorporated body, could not be sued. Realty

Trust Co. v. First Baptist Church of Haskell (Tex.Civ.App.) 46 S.W.(2d) 1009, and cases cited. It is not a legal entity. The suit against the trustees of the church could in no way involve the church or its property. The suit against the trustees of the church as trustees, and the judgment rendered against them as trustees, could not entitle plaintiff to an execution against them as trustees, nor against the church or the church property. The judgment therefore is without effect.

The case is reversed and the suit is dismissed.

### On Motion for Rehearing.

Appellee so earnestly insists that we are in error in our opinion that we have concluded to review the case more fully. In his motion appellee inadvertently states that the petition alleges "that the church was an incorporated association." The petition and the facts in the case reaching this court show that the church was and is an unincorporated association, and our opinion is based upon the fact that the church was unincorporated.

Appellee's suit is brought against certain parties, naming them; "being trustees of the said Second Baptist Church, an unincorporated association, defendants herein, transacting the affairs of the said Second Baptist Church * * * are being sued in their capacities herein stated." The petition then states in substance that the church is acting by and through the defendants named, who are sued in such capacities stated. The petition then alleges that a contract was entered into between appellee and said church, by the terms of which appellee became the pastor of the church for the salary stated; that he was discharged as pastor, and that the church is indebted to him for his services as pastor in the sum for which he sues; he alleges a breach of the employment contract by defendants, and prays that he have judgment against the defendants for his debt. The petition shows that the debt sued for is a personal debt against defendants as trustees, and the judgment sought is a personal judgment against defendants as trustees. It is alleged that defendants sued are trustees in the charge of the secular affairs of the church. It is not alleged or shown that the trustees have or hold title to any property of the church. The judgment recovered was that appellee recover of and from defendants, naming

them, trustees of the Second Baptist Church, the sum of money stated, with interest and costs; that no personal judgment be entered against defendants except in their capacity as trustees of the said Second Baptist Church, for which plaintiff is entitled to his execution.

The contention of appellee, as we understand it, is that under his judgment against the trustees of the church, as trustees, he can have an execution against the Second Baptist Church.

In our opinion we held, and still hold, that the judgment recovered in favor of appellee against the trustees of the church for a personal debt would not authorize the issuance of an execution against the church of which they are trustees simply of the business or secular affairs of the church. In the opinion we referred only to Realty Trust Co. v. First Baptist Church of Haskell (Tex.Civ.App.) 46 S.W.(2d) 1009, holding that the church, being an unincorporated body, could not be sued as such. We wish here to refer to American Ins. Co. v. Edwards (Tex.Civ.App.) 78 S.W.(2d) 1020, 1021, in which the court says that as a general principle the authorities there referred to supporting the contention made that the sheriff's deed was void are predicated upon holdings to the effect "that an unincorporated religious society is not an entity in law, cannot sue or be sued in its association name, and cannot be held in judgment generally for a personal debt."

There are exceptions to the above rule, but none of them are applicable here.

We think the judgment rendered cannot be enforced and is void.

The motion is overruled.