**J. B. WADLINGTON, Appellant,**

v.

**PEOPLES BAPTIST CHURCH, Appellee.**

No. 3266.

Court of Civil Appeals of Texas.

Eastland.

Dec. 7, 1956.

Rehearing Denied Jan. 4, 1957.

George M. Feild, Dallas, for appellant.

W. J. Durham, Dallas, for appellee.

COLLINGS, Justice.

This suit was brought by J. B. Wadlington against the Peoples Baptist Church and its trustees and the Bethany Baptist Church, all of Dallas, Texas, to recover the sum of $670.67 which plaintiff alleged he had paid to the City of Dallas to purchase a certificate of assessment levied by the City against certain real estate of the defendants, and against the Peoples Baptist Church. Plaintiff alleged that the land in question had been sold by the defendants to Willie Roseman and wife and that plaintiff had issued an Owner's Title Policy to said purchasers without knowledge that the certificate of assessment was unpaid; that in order to carry out his obligation under the Owner's Title Policy plaintiff was compelled to purchase the certificate of assessment from the City and release the assessment lien existing against the property. Plaintiff further alleged that the certificate of assessment was made by the City for and in connection with street improvement and pavement abutting the land in question and that such improvements enhanced the value of the land in excess of $2,500, which said increase in value had become a part of the general funds and assets of the defendant churches upon the sale of the land to Roseman and wife, but that defendants had failed and refused to pay the certificate of assessment; that the defendants thereby became unjustly enrich-

ed, to which unjust enrichment plaintiff had been compelled to contribute in the sum of $670.67. Plaintiff prayed that defendants be required to repay to him the amount of this sum which he had been required to contribute to their unjust enrichment.

The case was tried before the court without a jury and judgment was entered for the defendants decreeing that plaintiff take nothing by his suit. Plaintiff Wadlington has not appealed from the judgment in favor of Bethany Baptist Church but has brought this appeal from the judgment insofar as it is favorable to the Peoples Baptist Church.

The trial court filed the following findings of facts:

"1. I find that at all times material herein the plaintiff was in the Abstract business and the business of issuing title policies upon real estate; that is to say, for the payment of a fee or consideration in money, said plaintiff, after investigation, would guarantee the validity of the title to real estate when same was bought and sold.

"2. I find that the land in question was at all times owned by the Peoples Baptist Church, a negro church, until it was sold to the last purchaser hereinafter mentioned. Prior to the last sale, or sale which brought this controversy, the vacant lot in question had been owned by the said negro church for many years. Said negro church had bought another lot or tract from the Bethany Baptist Church, a white church, upon which it owed a balance, and to better secure said purchase money said Peoples Baptist Church executed a general warranty deed to said Bethany Baptist Church to the land in controversy, which instrument, however, was intended to be and was in truth and fact a mortgage and not a deed.

"3. I find that after the execution of said mortgage, as additional security, in the form of a deed said Peoples Baptist Church made a sale of said vacant lot to a third party, Mr. Willie Roseman, and wife, and that when it came time to make the deed to such purchaser, said plaintiff himself suggested that the deed be made by the Bethany Baptist Church instead of the Peoples Baptist Church, which was accordingly done by a general warranty deed.

"4. I find that at the time said warranty deed was made by said Bethany Baptist Church at the special instance and request of said plaintiff, to said Willie Roseman and wife, there was a paving lien against said vacant lot and property in favor of the City of Dallas for $622.22.

"5. I find that in the sale made to said Willie Roseman and wife the said plaintiff issued its title policy to said Willie Roseman and wife, insuring and guaranteeing to them, for a consideration, that the title to said property was good and free and clear of any and all liens and encumbrances.

"6. I further find that at the time of said last sale, and when the plaintiff issued its said title policy, said plaintiff, through oversight, failed to learn or know about the existence of said paving lien. Nor did either of said defendants know about said paving lien, and both were wholly innocent in regard thereto.

"7. I find that after said sale to Willie Roseman, and wife, had been finally completed said paving lien was then first discovered and, in keeping with its title policy, said plaintiff, upon the request of said last purchaser, paid the same off and secured a release of such paving lien. Thereafter the plaintiff obtained an assignment from said last purchaser of such rights he had

as a warrantee, under his deed, and instituted this suit, for reimbursement of the amount he had paid, against the two churches.

"8. I find that the plaintiff after such payment aforesaid made due demand on both of said defendants, which payment was refused, resulting in this suit."

In numerous points appellant urges that the court erred in connection with the findings of fact. It is not necessary to discuss these points in detail because the following considerations control the disposition of the appeal.

Appellee, Peoples Baptist Church, is an unincorporated religious association. Appellant, Wadlington, sought to recover from appellee on the theory of unjust enrichment. Appellant's contention on this appeal is that since the Peoples Baptist Church received the benefit of the enhanced value of the property sold to Roseman and wife, which was created by the construction of the street paving, and since the assessment for the paving was the debt of the Peoples Baptist Church as well as a lien against such property, that the necessary payment of such debt by appellant created an equitable lien on the general assets of the church, and that the court erred in not granting judgment for appellant establishing such lien in his favor.

The disposition of appellant's contention as above stated and of this appeal is, in our opinion, controlled by the rule announced in the case of Methodist Episcopal Church South v. Clifton, 24 Tex.Civ.App. 248, 78 S.W. 732–735, (Writ Ref.) It is not contended by appellant that the religious association here involved or its members are liable on the theory of partnership. Neither does appellant seek to hold the individual members liable on the principle of agency for debts incurred for the benefit of the association. Appellant seems to base his right to recover upon the contention that he has shown himself entitled in equity to subject the general property of the Peoples Baptist Church to his claim by virtue of an equitable lien or some species of trust.

The Peoples Baptist Church no longer owns the property to which the paving lien attached. There is no tracing of any money or fund which came into possession of the church as a result of the unjust enrichment. On the contrary the benefit received by the church seems to have been in the nature of relief from indebtedness to the Bethany Baptist Church but it is not shown by either pleadings or evidence that the Peoples Baptist Church now holds any property connected with the indebtedness involved. It is not shown that the church now holds any fund, general or special, which might be charged in equity with appellant's claim. The church is not such a person as could be sued at law and subjected to an ordinary judgment for debt. Realty Trust Co. v. First Baptist Church of Haskell, Tex.Civ. App., 46 S.W.2d 1009; American Ins. Co. v. Edwards, Tex.Civ.App., 78 S.W.2d 1020 (Writ Dismissed).

Appellant's right to relief hinged upon a showing of some particular property or fund in the possession of the Peoples Baptist Church which was subject in equity to his claim. This showing was not made. The absence of such a showing precludes his right to recover. The court, therefore, properly entered judgment against appellant and in favor of the Peoples Baptist Church.

The judgment of the trial court is affirmed.