**EAGLE STAR INSURANCE COMPANY, Ltd., Appellant,**

v.

**Mrs. A. L. SMITH, Appellee.**

No. 7218.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 21, 1963.

Rehearing Denied Feb. 25, 1963.

**24**

Key, Carr, Carr & Clark, Lubbock, for appellant.

Calloway Huffaker and Harold Green, Tahoka, for appellee.

DENTON, Chief Justice.

Mrs. A. L. Smith, appellee, brought this suit to recover on a fire insurance policy issued by the Eagle Star Insurance Company. Both parties filed motions for summary judgment. After considering the pleadings, affidavits and depositions, the trial court granted Mrs. Smith's motion for summary judgment and the insurance company perfected this appeal. The primary question to be determined is whether or not Mrs. Smith had an insurable interest in the farm house which admittedly was totally destroyed by fire on February 9, 1960.

Mrs. Smith and her deceased husband acquired section 455 in Yoakum County, Texas, the latter part of 1940 or early 1941. Prior to Mr. Smith's death in 1951, the Smiths sold the N½ of section 455. Mrs. Smith has continued to own the S½ of section 455 up to the time of the trial. When the Smiths moved onto the land in 1941, they occupied the house in question until the family moved to Oklahoma in 1952. In 1941 it became known to Mrs. Smith and her son that there was a disputed strip of land between section 455 and the Texas-New Mexico state line. This strip of land was described as being approximately three miles long, twenty-six yards wide at the north end and one hundred yards wide at the south end. The amount of acreage in this tract is not indicated. The insured and her son testified in their depositions that this excess land was owned by the State of Texas and that they knew of this claim in 1941. This strip of land has been designated as section 456, and it is undisputed the house in controversy was located some seventy-five feet over on section 456. The house has never been located on what is designated section 455. The S½ of section 455 has been rented on a cash rent basis since 1952. The tenant, who farms the Smith land, lived in the house prior to its being destroyed by fire and he also farms section 456 for which he pays rent to the State of Texas.

It is fundamental that an insurable interest on the part of the person taking out the policy is essential to the validity and enforcibility of the insurance policy. A policy issued to a person without an insurable interest in the subject matter of the policy is unenforcible on grounds of public policy. Hartford Fire Insurance Company v. Evans (Tex.Civ.App.), 255 S.W. 487. See also 44 C.J.S., Insurance, § 175, page 869 and 32 Tex.Jur.2d, Insurance, Section 123, page 221. The generally accepted rule is that an insurable interest exists when the assured derives pecuniary benefit or advantage by the preservation or continued existence of the property or would sustain pecuniary loss from its destruction. Rolater v. Rolater, (Tex.Civ.App.), 198 S.W. 391. Canfield v. Newman, (Tex.Civ.App.), 265 S.W. 1052. See Appleman's Insurance Law and Practice, Vol. 4, Section 2123.

As we understand it, appellee takes the position she had an equitable interest in the house and that such interest constituted an insurable interest or, in the alternative, the insurance company's agent's knowledge of the facts at the time the policy was issued constituted a waiver. In our opinion the uncontradicted evidence established the lack of an insurable interest on the part of the insured in the subject matter of the policy. By deposition both Mrs. Smith and her son acknowledged the ownership of section 456 upon which the house was located was in the State of Texas; both admitted that Mrs. Smith did not own the house and could not sell it; they testified she received no income from the house, but instead received an annual cash rent for the S½ of section 455 only. Under these undisputed facts, we can only conclude Mrs. Smith had no insurable interest in the house which was admittedly totally destroyed. She derived no pecuniary benefit or advantage by the preservation or continued existence of the house; nor has she sustained a pecuniary loss from its destruction.

By brief appellee contends the insurance company is estopped to deny an insurable interest in the appellee. Although it is undoubtedly true some provisions of insurance policies, including a sole and unconditional ownership clause, may be waived by insurance companies and their authorized agents, the decisions so holding are predicated on the insured having some claim of ownership and thus an insurable interest. No case has been cited which holds that the lack of insurable interest is an element which may be waived. In American Insurance Company v. Edwards, (Tex.Civ.App.), 78 S.W.2d 1020, (Error Dismissed), the court used the following language:

"We do not think there is merit in appellee's second contention that appellant is estopped to contest appellee's insurable interest. If in fact appellee had no insurable interest in the property, there could be no 'estoppel' in a controversy between him and appellant."

This same rule has been well stated in the following language in Appleman's work on Insurance Law, Vol. 4, section 2122, page 19:

"It is usually considered that the requirement of insurable interest is absolute and is not excused by the fact that the claimant may have acted in good faith or that the insurer had full knowledge of all the circumstances. Several leading courts have gone on record to the effect that the doctrines of waiver and estoppel have no application to such situations and cannot operate to excuse the lack of insurable interest. Thus, an honest but erroneous impression of both the insurer and the insured that the insured had such an interest in a building would be inadequate to vest such an interest in him."

Cases are therein cited which support this rule of law.

**26**

The judgment of the trial court is reversed and it is our duty to render such judgment as should have been rendered below. Rule 434, Texas Rules of Civil Procedure. It is therefore ordered that appellant's motion for summary judgment be granted and that appellee take nothing against appellant.

Reversed and rendered.